# Exhibit 1

JOHN C. MANLY, Esq. (State Bar No. 149080)
VINCE W. FINALDI, Esq. (State Bar No. 238279)
ALEX E. CUNNY (State Bar No. 291567)
JANE E. REILLEY (State Bar No. 314766)
**MANLY, STEWART & FINALDI**
19100 Von Karman Ave., Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990
Fax: (949) 252-9991

Attorneys of Record for Plaintiff, JANE LM DOE

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

JANE LM DOE, an individual,

        Plaintiff,

        v.

DR. LARRY NASSAR, an individual; USA GYMNASTICS, an Indiana business entity of form unknown; ROBERT COLAROSSI, an individual; STEPHEN "STEVE" PENNY, an individual; BELA KAROLYI, an individual; MARTHA KAROYLI, an individual; KAROLYI TRAINING CAMPS, LLC, a Texas business entity of form unknown; KAROLYI WORLD GYMNASTICS INC., a Texas business entity of form unknown; KAROLYI'S ELITE, a Texas business entity of form unknown; AOGC ALL OLYMPIA GYMNASTIC CENTER INC., a California business entity of form unknown; GALINA MARINOVA, an individual, ARTUR AKOPYAN, an individual, MICHIGAN STATE UNIVERSITY, a Michigan business entity of form unknown; and DOES 1 through 500.

        Defendants.

Case No.:  BC638724
Judge:    Hon. Susan Bryant-Deason
Department: 52

**SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**

1) **SEXUAL ASSAULT;**
2) **SEXUAL BATTERY(***CIVIL CODE* **§ 1708.5);**
3) **GENDER VIOLENCE (***CIVIL CODE* **§ 52.4);**
4) **SEXUAL HARASSMENT (***CIVIL CODE* **§ 51.9);**
5) **UNFAIR BUSINESS PRACTICES (***BUSINESS & PROFESSIONS CODE* **§ 17200);**
6) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
7) **CONSTRUCTIVE FRAUD (***CIVIL CODE* **§ 1573);**
8) **NEGLIGENCE;**
9) **NEGLIGENT SUPERVISION;**
10) **NEGLIGENT HIRING/ RETENTION;**
11) **NEGLIGENT FAILURE TO WARN, TRAIN OR EDUCATE.**

**DEMAND FOR JURY TRIAL.**

**COMES NOW**, Plaintiff JANE LM DOE, who complains and alleges as follows:

///

///

-1-
**SECOND AMENDED COMPLAINT FOR DAMAGES**

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

## GENERAL ALLEGATIONS AS TO THE PARTIES

1.     This action seeks to vindicate the rights of JANE LM DOE, a former elite gymnast, who was sexually abused, harassed, violated, and molested, as a minor, by the very individual who was hired, retained, and supervised by Defendant USA GYMNASTICS, the KAROLYI DEFENDANTS, and DOES 1 through 500, to provide healing, therapy and treatment for JANE LM DOE: The perpetrator, Defendant DR. LARRY NASSAR (hereinafter referred to as "NASSAR" or "The Perpetrator", interchangeably). JANE LM DOE forfeited the better part of her formative years, in order to pursue her passion of gymnastics. The values set forth by Defendants USA GYMNASTICS, BELA KAROLYI, MARTHA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., AOGC ALL OLYMPIA GYMNASTIC CENTER INC., GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500, who had a legal, moral and ethical duty to protect JANE LM DOE, were compromised and ignored, in allowing the Perpetrator (NASSAR) to access JANE LM DOE (as well as other gymnasts) physically, sexually, and without abatement. Believing that her experience with USA GYMNASTICS would allow for personal growth and lifelong memories, JANE LM DOE placed her trust and confidence in Defendants (used collectively to refer to the Perpetrator (NASSAR), USA GYMNASTICS, ROBERT COLAROSSI, STEPHEN "STEVE" PENNY, BELA KAROLYI, MARTHA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., AOGC ALL OLYMPIA GYMNASTIC CENTER INC., GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY, and DOES 1 through 500 as "Defendants"), to provide for her well-being and care. JANE LM DOE's trust was breached, and her aspirations for personal growth turned to fear, distress, and anxiety, for which she now seeks to recover in this action, and protect future gymnasts from undergoing the pain and suffering she has endured at the hands of the Perpetrator (NASSAR), through the programs offered by USA GYMNASTICS and the Defendants.

//

//

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

SECOND AMENDED COMPLAINT FOR DAMAGES

2.    Herein after, Defendants BELA KAROLYI, MARTHA KAROLYI, KAROLYI TRAINING CAMPS, LLC, and KAROLYI WORLD GYMNASTICS INC. shall be referred to collectively as the "KAROLYI DEFENDANTS."

3.    Hereinafter, the Defendants ARTUR AKOPYAN, GALINA MARINOVA, and AOGC OF ALL OLYMPIA GYMNASTIC CENTER, INC., ("ALL OLYMPIA") shall be referred to collectively as the "ALL OLYMPIA DEFENDANTS."

### THE PLAINTIFF, JANE LM DOE

4.    Plaintiff JANE LM DOE (hereinafter "Plaintiff" used interchangeably with "JANE LM DOE") was born in 1992. After years of hard work and training, JANE LM DOE achieved elite status as a gymnast, and competed with Defendant USA GYMNASTICS on the United States Women's National Team from 2006 to 2011, and was first invited to the National Team camp in 2005. JANE LM DOE went on to become a 2010 World Team member, nationally-ranked NCAA Champion gymnast, and was and is among the best America had to offer in the sport. As youngster, the Plaintiff began her gymnastics career at a young age, and competed, trained, and conditioned as a gymnast many years prior to the start of her sexual abuse at the hands of NASSAR.

5.    It is with her affiliation with USA GYMNASTICS, the KAROLYI DEFENDANTS and ALL OLYMPIA where JANE LM DOE came into contact with the Perpetrator (NASSAR), a team physician for USA GYMNASTICS who worked with USA GYMNASTICS gymnasts to, ostensibly, provide care, treatment, and athletic training. Under the auspices as team physician, the Perpetrator (NASSAR) used his position of trust and authority to gain access to minor, female gymnasts, including the Plaintiff. The Perpetrator (NASSAR) systematically sexually groomed the minor JANE LM DOE and proceeded to repeatedly sexually abuse, harass and molest JANE LM DOE over a period of several years. Plaintiff is informed and believes the childhood sexual abuse occurred at the USA Gymnastics National Team Training Center at Karolyi Ranch (hereinafter, "Karolyi Ranch") in Huntsville, Texas. During the entire time period of the sexual abuse alleged herein, Plaintiff was a resident of the State of California. Plaintiff currently resides in the County of Los Angeles.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

6.      The name used by JANE LM DOE is not the true and correct name of the Plaintiff, but is a fictitious name utilized to protect the privacy of the Plaintiff, a victim of childhood sexual harassment, abuse, and molestation. JANE LM DOE brings her claims pursuant to California *Code of Civil Procedure* § 340.1 and statutes listed herein.

**DEFENDANT, DR. LARRY NASSAR-THE PERPETRATOR**

7.      Defendant NASSAR, at all times mentioned herein was and is an adult male individual, who Plaintiff is informed and believes lived in the State of Michigan during the period of time during which the sexual abuse, harassment, and molestation alleged herein took place and is currently a citizen of the State of Michigan. Plaintiff is informed and believes that the Perpetrator (NASSAR) was accepted onto the staff of USA GYMNASTICS as a trainer in 1986 and then as the National Medical Director and the National Team Physician for the women's gymnastics team in 1996. The Perpetrator (NASSAR) was also responsible for coordinating the care for USA GYMNASTICS, KAROLYI DEFENDANTS, and for participants and members at every national and international competition, and has traveled with USA GYMNASTICS at the World Artistic Gymnastics Championships in 1991, 1995, 1999, 2003, 2007, and 2010. The Perpetrator (NASSAR) was also sent by USA GYMNASTICS to various international competitions including but not limited to: the 1987 Pan American Games, the 1996 Olympic Games, the 2000 Olympic Games, the 2007 Pan American Games, the 2008 Olympic Games, and the 2012 Olympic games. The Perpetrator (NASSAR) continued to function in this capacity at USA GYMNASTICS until in or around the middle of 2016. At all times herein alleged, the Perpetrator (NASSAR) was an employee, agent, and/or servant of Defendant USA GYMNASTICS, KAROLYI DEFENDANTS, and/or was under their complete control and/or active supervision.

8.      The Perpetrator (NASSAR) was retained by USA GYMNASTICS and KAROLYI DEFENDANTS as an Osteopathic Physician and certified athletic trainer to provide care, treatment, and athletic training to the USA GYMNASTICS and its participants, most of which were minors while in his care. It was through this position of trust and confidence, that the Perpetrator (NASSAR) exploited JANE LM DOE, in perpetrating his sexual abuse, molestation and harassment upon JANE LM DOE. All of the sexually abusive and harassing conduct alleged

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-4-

1    herein was done for the Perpetrator's (NASSAR) sexual gratification and was based upon the

2    gender of JANE LM DOE.

3         9.       It is on information and reasonable belief that the Perpetrator (NASSAR), using his

4    apparent authority and position within USA GYMNASTICS over the minor participants in his

5    charge, that the Perpetrator (NASSAR) sexually abused, molested, and harassed multiple other

6    members of the United States Women's Olympic Gymnastics Team, numerous gymnasts and

7    athletes as an employee of Michigan State University, and National teams, over the nearly 30 years

8    in which the Perpetrator (NASSAR) has been affiliated with USA GYMNASTICS.

9         10.      In the event the Perpetrator (NASSAR) be prosecuted and convicted of a felony for

10    the conducted alleged herein, the Plaintiff requests leave to amend the instant Complaint, such that

11    a request for attorneys' fees can be made against the Perpetrator (NASSAR) pursuant to *Code of*

12    *Civil Procedure* § 1021.4.

13                              **DEFENDANT, USA GYMNASTICS**

14         11.      Defendant USA GYMNASTICS at all times mentioned herein was and is a

15    business entity of form unknown, having its principal place of business in the State of Indiana.

16    Plaintiff is informed and believes USA GYMNASTICS was incorporated in the state of Texas

17    and/or Arizona. Defendant USA GYMNASTICS is the national governing body for gymnastics in

18    the United States, and selects and trains the United States gymnastics teams for the Olympics and

19    World Championships, promotes and develops gymnastics locally and nationally, and serves as a

20    resource center for members, clubs, fans and gymnasts throughout the United States. Defendant

21    USA GYMNASTICS has more than 174,000 athletes and professional members, more than

22    148,000 athletes registered in competitive programs, as well as more than 25,000 professional,

23    instructor and club members. Approximately 4,000 competitions and events throughout the United

24    States are sanctioned annually by Defendant USA GYMNASTICS. Defendant USA

25    GYMNASTICS was the primary entity owning, operating and controlling the activities and

26    behavior of its employee agents, including, but not limited to the Perpetrator (NASSAR). USA

27    GYMNASTICS is also the entity that selects gymnasts for the US National and Olympic Teams.

28

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**SECOND AMENDED COMPLAINT FOR DAMAGES**

12.     Defendant USA GYMNASTICS purposely conducts substantial educational business activities in the State of California, with regional affiliates in Northern California, Central California, and Southern California. Defendant USA GYMNASTICS currently sponsors and has scheduled over 75 competitions, meets, and/or invitationals throughout the entire state of California. Defendant USA GYMNASTICS has numerous athletes and professional members, professional, instructor and club members conducting substantial activity and purposefully availing itself of the laws and protections of California. The sexual abuse, harassment, and molestation alleged herein took place multiple times, where Defendant USA GYMNASTICS was the primary entity owning, operating and controlling the activities and behavior of its employee agents, including, but not limited to the Perpetrator (NASSAR).

13.     As stated on its website through its Code of Ethical Conduct, "…Members of [Defendant USA GYMNASTICS] are expected to promote a safe environment for participants, coaches, officials, volunteers and staff in all gymnastics disciplines, which includes an environment free from sexual misconduct. It is inconsistent with this obligation for any Member to: 1. Solicit or engage in sexual relations with any minor. 2. Engage in any behavior that utilizes the influence of a professional Member's position as coach, judge, official or administrator to encourage sexual relations with an athlete or participant. 3. Engage in sexual harassment by making unwelcome advances, requests for sexual favors or other verbal or physical conduct of a sexual nature where such conduct creates an intimidating, hostile or offensive environment." However, Defendant USA GYMNASTICS' policies and procedures then provide that, "Professional Members of [Defendant USA GYMNASTICS] must protect the integrity of the sport and the interests of the athletes they serve by avoiding sexual relationships with athletes **except where the capacity and quality of the athlete's consent to enter that relationship is beyond question.**" [Emphasis Added]. In enforcing this Code of Ethical Conduct, the published policies and procedures provide, "Compliance with this Code depends primarily upon understanding and voluntary compliance, secondarily upon reinforcement by peers, and, when necessary, upon enforcement through disciplinary action.…Any Member ('Complainant') who believes that another Member of [Defendant USA GYMNASTICS] has failed to meet such Member's

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-6-

SECOND AMENDED COMPLAINT FOR DAMAGES

obligations under this Code is, under all but the most egregious circumstances, encouraged to first address that concern directly to that Member."

14.     Under Defendant USA GYMNASTICS's policies and procedures for reporting abuse, it provides that, "[Defendant USA GYMNASTICS] will follow applicable law in reporting abusive situations to the proper authorities. If, in [Defendant USA GYMNASTICS]'[s] reasonable and good faith judgment, reporting to the proper authorities is necessary to protect a person from the possibility of further abuse, it may make such report even if not compelled by law to do so." Further, the policies and procedures for "Reporting Suspected Abuse" at Defendant USA GYMNASTICS provide that "[a]ny person who reasonably and in good faith believes a member of [Defendant USA GYMNASTICS] has abused another person, whether physical or sexual, such person may notify the [Defendant USA GYMNASTICS] National Office pursuant to Articles 9 and/or 10 of the [Defendant USA GYMNASTICS] Bylaws."

15.     Under the applicable laws, Defendant USA GYMNASTICS is an organization whose employees, agents, and/or servants are legally "mandated reporters", considering that Defendant USA GYMNASTICS is a youth recreational program and Defendant USA GYMNASTICS' employees' duties require direct contact and supervision of minor children.

16.     Defendant USA GYMNASTICS receives millions of dollars in private donations and corporate financial support, on a yearly basis, according to its publicly available Form-990's. It is on this basis, under information and therefore belief, that Defendant USA GYMNASTICS ignored and/or actively concealed the abuse that was being perpetrated by the Perpetrator (NASSAR), and other employees/agents of its organization, such that Defendant USA GYMNASTICS would not be subjected to public scrutiny, administrative, civil and/or criminal investigation and could maintain a false façade of high moral repute, and could maintain and grow this financial support for its programs. This attempt to conceal and/or ignore the abuse being perpetrated under its control and supervision, and was done at the expense of minor athletes and participants, including the Plaintiff, JANE LM DOE.

// //

// //

SECOND AMENDED COMPLAINT FOR DAMAGES

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**DEFENDANT, ROBERT COLAROSSI**

17.     Defendant ROBERT COLAROSSI (hereinafter "COLAROSSI") at all times mentioned herein was and is an adult male individual, who Plaintiff is informed and believes lived in the State of California during the period of time during which the sexual abuse, harassment, and molestation alleged herein took place and is currently a citizen of the State of California. Defendant COLAROSSI was the President of Defendant USA GYMNASTICS charged with the overall management and strategic planning for the organization. Plaintiff is informed and believes and on that basis alleges that Defendant COLAROSSI oversaw a wide-ranging, calculated concealment of numerous instances, complaints, and allegations of sexual abuse and misconduct among the participants and members of Defendant USA GYMNASTICS. Through this conduct, Defendant COLAROSSI's actions and inactions enabled and ratified the sexual abuse by the Perpetrator (NASSAR) against Plaintiff and other participants and members of Defendant USA GYMNASTICS and fueled the ongoing concealment of abuse at Defendant USA GYMNASTICS, making it more unlikely for victims (such as the Plaintiff) to obtain much needed medical and/or psychological treatment. Plaintiff is informed and believes that Defendant COLAROSSI served as President of Defendant USA GYMNASTICS from 1998 to 2005. At all times herein alleged, Defendant COLAROSSI was an employee, agent, and/or servant of Defendant USA GYMNASTICS, and/or was under their complete control and/or active supervision.

18.     Plaintiff is informed and believes, and on that basis alleges, that Defendant COLAROSSI had wide-ranging knowledge of the abusive, and harassing environment that was cultivated and embraced by the gymnastics community at Karolyi Ranch (Hereinafter, "THE RANCH"), within NASSAR, the KAROYLI DEFENDANTS, and USA GYMNASTICS, as well as knowledge of the Perpetrator (NASSAR)'s sexually abusive propensities and the abuse perpetrated by the Perpetrator (NASSAR) against minor children. Despite having this knowledge, Defendant COLAROSSI concealed, ignored, and willfully blinded himself to these facts, to the detriment of minor children in USA GYMNASTICS' custody, control, and care, including the Plaintiff. As a common scheme and plan of agents within USA GYMNASTICS (including Defendant COLAROSSI), allegations of sexual misconduct by coaches, employees, and

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-8-

1  volunteers (including the Perpetrator (NASSAR)) were concealed and ignored, in order to maintain

2  the false impression of USA GYMNASTICS as engendering propriety, safety, and care. It was

3  under these circumstances, and acts and omissions of Defendant COLAROSSI, that the Plaintiff

4  was placed into contact with the Perpetrator (NASSAR) and sexually abused.

5  **DEFENDANT, STEPHEN "STEVE" PENNY**

6  19.    Defendant STEPHEN "STEVE" PENNY (hereinafter "PENNY") at all times

7  mentioned herein was and is an adult male individual, who Plaintiff is informed and believes lived

8  in the State of Indiana during the period of time during which the sexual abuse, harassment, and

9  molestation alleged herein took place and is currently a citizen of the State of Indiana. Defendant

10  PENNY was the President of Defendant USA GYMNASTICS charged with the overall

11  management and strategic planning for the organization. Plaintiff is informed and believes and on

12  that basis alleges that Defendant PENNY oversaw a wide-ranging, calculated concealment of

13  numerous instances, complaints, and allegations of sexual abuse and misconduct among the

14  participants and members of Defendant USA GYMNASTICS. Through this conduct, Defendant

15  PENNY's actions and inactions enabled and ratified the sexual abuse by the Perpetrator

16  (NASSAR) against Plaintiff and other participants and members of Defendant USA

17  GYMNASTICS and fueled the ongoing concealment of abuse at Defendant USA GYMNASTICS,

18  making it more unlikely for victims (such as the Plaintiff) to obtain much needed medical and/or

19  psychological treatment. Plaintiff is informed and believes that Defendant PENNY served as

20  President of Defendant USA GYMNASTICS from 2005 to present. At all times herein alleged,

21  Defendant PENNY was an employee, agent, and/or servant of Defendant USA GYMNASTICS,

22  and/or was under their complete control and/or active supervision.

23  20.    Plaintiff is informed and believes, and on that basis alleges, that Defendant PENNY

24  had wide-ranging knowledge of the abusive, and harassing environment that was cultivated and

25  embraced by the gymnastics community at THE RANCH, within the KAROYLI DEFENDANTS,

26  and USA GYMNASTICS, as well as knowledge of the Perpetrator (NASSAR)'s sexually abusive

27  propensities and the abuse perpetrated by the Perpetrator (NASSAR) against minor children.

28  Despite having this knowledge, Defendant PENNY concealed, ignored, and willfully blinded

-9-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

himself to these facts, to the detriment of minor children in USA GYMNASTICS' custody, control, and care, including the Plaintiff. As a common scheme and plan of agents within USA GYMNASTICS (including Defendant PENNY), allegations of sexual misconduct by coaches, employees, and volunteers (including the Perpetrator (NASSAR)) were concealed and ignored, in order to maintain the false impression of USA GYMNASTICS as engendering propriety, safety, and care. It was under these circumstances, and acts and omissions of Defendant PENNY, that the Plaintiff was placed into contact with the Perpetrator (NASSAR) and sexually abused.

## KAROLYI DEFENDANTS

### DEFENDANTS BELA KAROLYI AND MARTA KAROLYI

21.     Defendant BELA KAROLYI, at all times mentioned herein, was and is an adult male individual, who Plaintiff is informed and believes lived in the State of Texas during the period of time during which the sexual abuse, harassment, and molestation alleged herein took place and is currently a citizen of the State of Texas. BELA KAROLYI, a former Romanian gymnastics coach, defected to the United States in the early 1980's and established a gymnastics training facility in the early 1980's. In 1984, BELA KAROLYI attained prominence in the gymnastics world by coaching Mary Lou Retton at the 1984 Olympic Games in Los Angeles, California. Since that time, Plaintiff is informed and believes, and on that basis alleges, that BELA KAROLYI (and the KAROLYI DEFENDANTS) has been training elite level gymnasts to compete on the national, international, and Olympic stages.

22.     Defendant MARTA KAROLYI, at all times mentioned herein, was and is an adult female individual, who Plaintiff is informed and believes lived in the State of Texas during the period of time during which the sexual abuse, harassment, and molestation alleged herein took place and is currently a citizen of the State of Texas. Plaintiff is informed and believes and on that basis alleges that MARTA KAROLYI defected to the United States with in the early 1980's with her husband, BELA KAROLYI, and began assisting in the operation, management, control, and supervision of THE RANCH (as well as KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., and KAROLYI'S ELITE.)

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

23.     Defendants BELA KAROLYI and MARTA KAROLYI collected money and solicited financial assistance from gymnastics facilities, gymnastics patrons, and gymnastics competitors located in California, including money from the Plaintiff and her gym (ALL OLYMPIA, *infra*).

24.     Plaintiff is informed and believes, and on that basis alleges, that in or around 1999, BELA KAROLYI was recruited and hired by the USA GYMNASTICS to serve as the National Team Coordinator. As part of BELA KAROLYI's procedures implemented as National Team Coordinator, BELA KAROLYI required attendance at THE RANCH training facility, located in Huntsville, Texas. In or around 2000, after turmoil in the gymnastics community regarding BELA KAROLYI's methods, practices, and procedures as the National Team Coordinator, BELA KAROLYI was replaced with his wife, MARTA KAROLYI, who has acted as the National Team Coordinator of USA GYMNASTICS since that time. Despite not being the National Team Coordinator after 2000, BELA KAROLYI continued to operate THE RANCH, through the entity Defendants KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., and KAROLYI'S ELITE. It was during these training camps, that minor children involved in the gymnastics programs of the KAROLYI DEFENDANTS, including the Plaintiff, came into contact with the Perpetrator (NASSAR).

25.     As part of the training, coaching, preparation and/or conditioning of elite level gymnasts at THE RANCH, the KAROLYI DEFENDANTS took custody, control, dominion, and/or sole supervision of the minor female gymnasts placed in their charge at THE RANCH. Under the applicable law, BELA KAROLYI and MARTA KAROLYI (as well as their agents, employees, and/or servants of KAROLYI TRAINING CAMPS, LLC, and KAROLYI WORLD GYMNASTICS INC. who were also in contact with minor children) were "mandated reporters" as their duties involved the direct contact with minor children. Such an obligation required BELA KAROLYI and MARTA KAROLYI to report any suspected child abuse upon belief that abuse was occurring.

26.     Plaintiff is informed and believes, and on that basis alleges, that the KAROLYI DEFENDANTS allowed the Perpetrator (NASSAR) to be in contact with minor children,

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-11-

1   including the Plaintiff, in order to purportedly provide medical care and treatment to the minor

2   children in the custody, care, and control of the KAROLYI DEFENDANTS. It was under this

3   guise that KAROLYI DEFENDANTS permitted the Perpetrator (NASSAR), as a matter of custom

4   and practice, to be alone with minor child gymnasts, including the Plaintiff, to sexually abuse,

5   harass, and molest them.

6       27.   Plaintiff is informed and believes, and on that basis alleges that the KAROLYI

7   DEFENDANTS instituted a regime of intimidation and fear at THE RANCH for the minor

8   children under their custody, care, and control. Plaintiff is informed and believes that BELA

9   KAROLYI and MARTA KAROLYI engaged in tortious and unlawful behavior, and created a

10  toxic environment where the Perpetrator (NASSAR) was given opportunity to perpetrate and

11  continue his systematic sexual abuse of minor children, without abatement. Plaintiff is informed

12  and believes and on that basis alleges that minor child gymnasts, including the Plaintiff, were

13  subjected to physical, sexual, and emotional abuse while at THE RANCH.

14      28.   Periodically, Defendants BELA KAROLYI and MARTA KAROLYI engaged in

15  unlawful and tortious conduct directed at minor child gymnasts that included, but was not limited

16  to: striking minor child gymnasts, scratching minor child gymnasts until they bled, encouraging

17  parents of the minor child gymnasts to hit their children, depriving minor child gymnasts of food,

18  depriving minor child gymnasts of water, actively searching the minors' rooms to find and

19  confiscate hidden food, screaming obscenities at these minor child gymnasts, cutting off

20  communication of minor gymnasts with their parents, telling minor child gymnasts that they were

21  fat, requiring gymnasts to train when they were ill, and requiring minor child gymnasts to have

22  their physical appearance be judged in front of their peers.

23      29.   Plaintiff is informed and believes, and on that basis alleges, that Defendants BELA

24  KAROLYI and MARTA KAROLYI turned a blind-eye to The Perpetrator NASSAR's sexual

25  abuse of children at THE RANCH. Due to the unlawful and tortious acts engaged in by Defendants

26  BELA KAROLYI and MARTA KAROLYI (described *supra*), Defendants BELA KAROLYI and

27  MARTA KAROLYI were compromised as supervisors of The Perpetrator (NASSAR). This

28

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

SECOND AMENDED COMPLAINT FOR DAMAGES

created a toxic environment, perfectly suited for The Perpetrator (NASSAR) to systematically sexually abuse the minor children, including the Plaintiff, who were captive at THE RANCH.

30.     Plaintiff is informed and believes, and on that basis alleges that within this toxic environment, The Perpetrator (NASSAR) would not report the abusive acts of Defendants BELA KAROLYI and MARTA KAROLYI, as the Perpetrator (NASSAR) was required as to do by law. In turn, Defendants BELA KAROLYI and MARTA KAROLYI turned a blind-eye to the sexual abuse being perpetrated by The Perpetrator (NASSAR).

31.     Plaintiff is informed and believes, and on that basis alleges that Defendants BELA KAROLYI and MARTA KAROLYI allowed NASSAR to have unfettered and secluded access to minor children, including the Plaintiff, in the children's living and sleeping quarters and in direct violation of USA GYMNASTICS policy. Plaintiff is informed and believes, and on that basis alleges, that NASSAR would pre-sexually groom these minor children into believing that he (NASSAR) was their friend and confidant; in comparison with the oppressive and abusive treatment by Defendants BELA KAROLYI and MARTA KAROLYI at THE RANCH. It is through this pre-sexual grooming process that the Perpetrator (NASSAR) gained unfettered sexual access to the minor children, including the Plaintiff. The Perpetrator (NASSAR) would sneak these minor gymnasts food, candy and other "contraband" which was disallowed by the Defendants BELA KAROLYI and MARTA KAROLYI, in order to build trust and rapport with these minor children, including the Plaintiff. Though The Perpetrator (NASSAR) acted as though he was an advocate for these children, he built this relationship in order to sexually abuse these minors, including the Plaintiff.

32.     Plaintiff is informed and believes, and on that basis alleges, that this toxic environment at THE RANCH facilitated the financial growth of USA GYMNASTICS, the KAROLYI DEFENDANTS (*see infra*), and the sport of gymnastics. This toxic environment was perpetuated to avoid public ridicule, censure, investigation, and scrutiny. Effectively, this dynamic made it so the KAROLYI DEFENDANTS provided no supervision of the Perpetrator (NASSAR), in exchange for his silence and willful blindness to their regime of fear, intimidation, and physical and emotional abuse of minor child gymnasts.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-13-

33.     Plaintiff is informed, and believes, and on that basis alleges, that the KAROLYI DEFENDANTS operated as a conduit of USA GYMNASTICS, whereby USA GYMNASTICS had full knowledge of the abusive conditions imposed at THE RANCH by the KAROLYI DEFENDANTS, and knew or should have known of the sexually abusive and harassing conduct of the Perpetrator (NASSAR). Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the KAROLYI DEFENDANTS operated their organizations in concert, connection, and/or coordination with USA GYMNASTICS, and did so with impunity, such that the abusive, coercive and demeaning environment at THE RANCH (owned, operated, controlled, and maintained by the KAROLYI DEFENDANTS) was known and concealed by USA GYMNASTICS, such that minor children, including the Plaintiff, were subjected to the Perpetrator (NASSAR).

34.     Plaintiff is informed, and on that basis believes and alleges herein, that with full knowledge of above-stated arrangement, plan and scheme between Defendants BELA KAROLYI and MARTA KAROLYI, and the Perpetrator (NASSAR), COLAROSSI and PENNY were aware of abusive environment which minor children, such as the Plaintiff, were subjected to when placed under the custody, control and care of the KAROLYI DEFENDANTS, USA GYMNASTICS, ALL OLYMPIA DEFENDANTS, and DOES 1 through 500.

**DEFENDANT KAROLYI TRAINING CAMPS, LLC**

35.     Defendant KAROLYI TRAINING CAMPS, LLC, at all times mentioned herein, was and is a business entity of form unknown, having its principal place of business in the State of Texas. Plaintiff is informed and believes KAROLYI TRAINING CAMPS, LLC was incorporated in the state of Texas. Plaintiff is informed and believes and on that basis alleges that KAROLYI TRAINING CAMPS, LLC was created in or around 2006, and was created as one of the entities which owned, operated, managed, and/or maintained THE RANCH. Furthermore, Plaintiff is informed and believes, and on that basis alleges that KAROLYI TRAINING CAMPS, LLC was an entity created, managed, and controlled by BELA KAROLYI and/or MARTA KAROLYI, in order to facilitate elite level gymnast training, coaching, mentoring, conditioning, and/or preparation for competing at the elite level, for minor children, including the Plaintiff.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-14-

**DEFENDANT KAROLYI WORLD GYMNASTICS INC.**

36.     Defendant KAROLYI WORLD GYMNASTICS INC., at all times mentioned herein, was and is a business entity of form unknown, having its principal place of business in the State of Texas. Plaintiff is informed and believes KAROLYI WORLD GYMNASTICS INC. was incorporated in the state of Texas. Plaintiff is informed and believes and on that basis alleges that KAROLYI WORLD GYMNASTICS INC. was created in or around the early 1980's, and was created as one of the entities which owned, operated, managed, and/or maintained THE RANCH. Furthermore, Plaintiff is informed and believes, and on that basis alleges that KAROLYI TRAINING CAMPS, LLC was an entity created by BELA KAROLYI and/or MARTA KAROLYI, in order to facilitate elite level gymnast training, coaching, mentoring, conditioning, and/or preparation for competing at the elite level, for minor children, including the Plaintiff.

37.     At all times relevant herein, Plaintiff is informed and believes and on that basis alleges that Defendants BELA KAROLYI and MARTA KAROLYI operated, managed, maintained, and controlled Defendants KAROLYI TRAINING CAMPS, LLC and KAROLYI WORLD GYMNASTICS INC. Plaintiff is informed and believes, and on that basis alleges, that the KAROLYI DEFENDANTS conducted substantial and continuous business operations in the State of California, whereby, the KAROLYI DEFENDANTS would actively advertise, recruit, entice, and encourage elite level gymnasts (who were minor children), from California, including the Plaintiff, to pay for and attend the KAROLYI DEFENDANTS' training programs in Texas where they would be placed into contact with the Perpetrator (NASSAR). Furthermore, the KAROLYI DEFENDANTS would actively maintain contact with gymnastics organizations in California, including AOGC ALL OLYMPIA GYMNASTIC CENTER INC. (*see infra*), whereby KAROLYI DEFENDANTS would actively advertise, recruit, entice, and encourage elite level gymnasts (who were minor children), including the Plaintiff, from California to attend KAROLYI DEFENDANTS' training camps and programs in Texas.

38.     Plaintiff is informed and believes, and on that basis alleges, that Defendants KAROLYI TRAINING CAMPS, LLC and KAROLYI WORLD GYMNASTICS INC. were nothing but the alter ego of USA GYMNASTICS, and were not properly formed, capitalized,

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9900

-15-

insured, and did not observe proper business formalities so as to separate itself from USA GYMNASTICS. Defendants KAROLYI TRAINING CAMPS, LLC and KAROLYI WORLD GYMNASTICS INC. were also the alter ego of Defendants BELA KAROLYI and MARTA KAROLYI while Defendants BELA KAROLYI and MARTA KAROLYI were operating Defendants KAROLYI TRAINING CAMPS, LLC and KAROLYI WORLD GYMNASTICS INC. starting from in or around the 1980's through the present. Plaintiffs allege that at all times mentioned herein, there existed a unity of interest and ownership among Defendants KAROLYI TRAINING CAMPS, LLC and KAROLYI WORLD GYMNASTICS INC., BELA KAROLYI and MARTA KAROLYI, and USA GYMNASTICS such that any individuality and separateness between them ceased to exist. They were the alter ego of each other in that they purchased, controlled, dominated and operated each other without any regard to maintaining a separate identity, observing formalities, or other manner of division. To continue maintaining the facade of a separate and individual existence between and among them would serve to perpetrate a fraud and an injustice.

## ALL OLYMPIA DEFENDANTS

### DEFENDANT AOGC ALL OLYMPIA GYMNASTIC CENTER INC.

39.     Defendant ALL OLYMPIA at all times mentioned herein was and is a California business entity of form unknown, believed to have its principal place of business at 11616 Blix Street, Toluca Lake, California 91602. Plaintiff is informed, and on that basis believes, that Defendant ALL OLYMPIA was a gymnastics training center (with two locations in Southern California; one in Hawthorne, California and one in Calabasas, California (and previously in Marina Del Rey, California)) that advertises itself as providing, "a positive, safe and caring environment where children can learn, develop and thrive." Defendant ALL OLYMPIA is believed to be owned, operated, and managed by Defendants ARTUR AKOPYAN and GALINA MARINOVA. ALL OLYMPIA hosts periodic gymnastics meets whereby minor child gymnasts from around the country compete, and where employees, agents, and/or servants of USA GYMNASTICS and the KAROLYI DEFENDANTS are present. As a USA GYMNASTICS member organization, ALL OLYMPIA contributed to USA GYMNASTICS and the KAROLYI

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-16-

DEFENDANTS financially through dues. The dues paid to USA GYMNASTICS and the KAROLYI DEFENDANTS were paid by the minor gymnasts of ALL OLMYPIA, including the Plaintiff.

40.     Despite the representations and advertisements made about Defendant ALL OLYMPIA as to its focus on athlete safety and care, Plaintiff is informed and believes, and on that basis alleges, that Defendant ALL OLYMPIA was operated as a facility solely motivated to cull talent for the United States National Gymnastics Team and Defendant USA GYMNASTICS and the KAROLYI DEFENDANTS, at all costs and irrespective of the emotional toll taken on minors in its custody, care, and under its control. Defendant ALL OLYMPIA and its agents, employees, officers, and directors fueled an abusive, harassing, and degrading environment, intentioned at hardening and desensitizing the most elite gymnasts, in order to compete at a National Level at Defendant USA GYMNASTICS, under the reign of the KAROLYI DEFENDANTS. This environment created by Defendant ALL OLYMPIA was done so, in order to create elite gymnasts who would gain National and International notoriety in the sports world, such that Defendant ALL OLYMPIA's reputation as a gym creating National and Olympic level gymnasts would be elevated, and ultimately, ALL OLYMPIA would benefit financially from this reputation. It was this environment that allowed, concealed, and promoted the abusive behavior of Defendants ALL OLYMPIA, USA GYMNASTICS, KAROLYI DEFENDANTS, NASSAR, and their employees, agents, servants, officers, and/or directors, which was directed at minor gymnasts, including the Plaintiff.

41.     Plaintiff believes, and on that basis alleges, that Defendant ALL OLYMPIA was an affiliate of USA GYMNASTICS and KAROLYI DEFENDANTS, having funneled, recruited, lured, and enticed various minor gymnasts to USA GYMNASTICS and KAROLYI DEFENDANTS over a period of more than a decade. Defendant ALL OLYMPIA was the entity responsible, at least in part, for the placement of the Plaintiff on the United States National Team and with Defendant USA GYMNASTICS, KAROLYI DEFENDANTS, and did so by adopting the Defendant USA GYMNASTICS' "win at all costs" mentality, implemented through fear and intimidation. Through this relationship with Defendant USA GYMNASTICS and the KAROLYI

-17-

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1   DEFENDANTS, Defendant ALL OLYMPIA further concealed, facilitated, and/or enabled the

2   abuse of the Plaintiff JANE LM DOE by placing her in a knowingly abusive environment at

3   Defendant USA GYMNASTICS and KAROLYI DEFENDANTS, with NASSAR.

4       42.     Under the applicable laws, Defendant ALL OLYMPIA is an organization whose

5   employees, agents, and/or servants are legally "mandated reporters", considering that Defendant

6   ALL OLYMPIA is a youth recreational program and Defendant ALL OLYMPIA's employees

7   duties require direct contact and supervision of children.

8                           **DEFENDANT GALINA MARINOVA**

9       43.     Defendant GALINA MARINOVA, at all times mentioned herein, was and is an

10  adult female individual, who Plaintiff is informed and believes lived in the State of California

11  during the period of time during which the sexual abuse, harassment, and molestation alleged

12  herein took place and is currently a citizen of the State of California. At all times relevant herein,

13  Defendant GALINA MARINOVA was believed to be the owner, operator, manager, and/or

14  managing agent of Defendants ALL OLYMPIA. Plaintiff is informed and believes, and on that

15  basis alleges, that Defendant GALINA MARINOVA was a former Olympian gymnast, who

16  founded, owned, operated, managed, and controlled ALL OLYMPIA from in or around 2000 to

17  present.

18      44.     At all relevant times herein, Defendant GALINA MARINOVA fueled an abusive,

19  harassing, and degrading environment at Defendants ALL OLYMPIA, intentioned at hardening

20  and desensitizing the most elite gymnasts, in order to compete at a National Level at Defendant

21  USA GYMNASTICS, under the reign of the KAROLYI DEFENDANTS and in contact with the

22  Perpetrator (NASSAR). It was in this environment that Defendants GALINA MARINOVA and

23  ARTUR AKOYPAN directed degrading, abusive, and harassing comments and actions towards

24  the Plaintiff. Plaintiff is informed and believes and on that basis alleges that Defendant GALINA

25  MARINOVA knew or should have known that by facilitating the Plaintiff's relationship with USA

26  GYMNASTICS, KAROLYI DEFENDANTS, and the Perpetrator (NASSAR), was placing her in

27  a knowingly abusive environment at Defendant USA GYMNASTICS and KAROLYI

28  DEFENDANTS, with the Perpetrator (NASSAR).

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-18-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**DEFENDANT ARTUR AKOPYAN**

45.     Defendant ARTUR AKOPYAN, at all times mentioned herein, was and is an adult male individual, who Plaintiff is informed and believes lived in the State of California during the period of time during which the sexual abuse, harassment, and molestation alleged herein took place and is currently a citizen of the State of California. At all times relevant herein, Defendant ARTUR AKOPYAN was believed to be the owner, operator, manager, and/or managing agent of Defendants ALL OLYMPIA. Plaintiff is informed and believes, and on that basis alleges, that Defendant GALINA MARINOVA was a former Olympian gymnast, who (with ARTUR AKOPYAN) owned, operated, managed, and controlled ALL OLYMPIA from in or around 2004 to present. Plaintiff is informed and believes, and on that basis alleges, that Defendant ARTUR AKOPYAN was a former Olympian gymnast, who (with GALINA MARINOVA) owned, operated, managed, and controlled ALL OLYMPIA from in or around 2004 to present.

46.     At all relevant times herein, Defendant ARTUR AKOPYAN fueled an abusive, harassing, and degrading environment at Defendant ALL OLYMPIA, intentioned at hardening and desensitizing the most elite gymnasts, in order to compete at a National Level at Defendant USA GYMNASTICS, under the reign of the KAROLYI DEFENDANTS and in contact with the Perpetrator (NASSAR). It was in this environment that Defendants GALINA MARINOVA and ARTUR AKOYPAN directed degrading, abusive, and harassing comments and actions towards the Plaintiff. Plaintiff is informed and believes and on that basis alleges that Defendant ARTUR AKOPYAN knew or should have known that by facilitating the Plaintiff's relationship with USA GYMNASTICS, KAROLYI DEFENDANTS, and the Perpetrator (NASSAR), he was placing the Plaintiff in an abusive environment at Defendant USA GYMNASTICS and KAROLYI DEFENDANTS, with the Perpetrator (NASSAR), and subjecting the Plaintiff to sexual abuse, harassment and/or molestation by the Perpetrator (NASSAR).

**DEFENDANT MICHIGAN STATE UNIVERSITY**

47.     Defendant MICHIGAN STATE UNIVERSITY, at all times mentioned herein, was and is a business entity of form unknown, having its principal place of business in the State of Michigan. Plaintiff is informed and believes MICHIGAN STATE UNIVERSITY is a public land

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-19-

grant university, established in 1855, in East Lansing, Michigan. Defendant MICHIGAN STATE UNIVERSITY is a research university that proclaims itself to "...work every day to advance the common good in uncommon ways. Together we tackle some of the world's toughest problems to find solutions that make life better." In advertising, Defendant MICHIGAN STATE UNIVERSITY claims "[o]ur three core, interwoven values are quality, inclusiveness, and connectivity." Furthermore, Defendant MICHIGAN STATE UNIVERSITY proclaims itself to be on the Top 100 universities in the world, and that in 2014-2015, it received $584 million in external funding for research and that it annually receives $50 million in international funding. In 2015-2016, Defendant MICHIGAN STATE UNIVERSITY had a general fund budget of over $1 billion.

48.     Defendant MICHIGAN STATE UNIVERSITY further claims that it has amongst the best athletics programs in the nation. As Defendant MICHIGAN STATE UNIVERSITY's own website declares, its "dedication and excellence was recognized by CBSSports.com in its annual Best in College Sports Award, which rated [Defendant MICHIGAN STATE UNIVERSITY]'s athletics program No. 2 in the nation across the board, noting it 'has become a model of consistency, and its teams have proven capable of winning big and graduating players.'"

49.     Through his ubiquity and perceived admiration in the National and International gymnastics community, MICHIGAN STATE UNIVERSITY's history and reputation for providing care to Olympians and elite level gymnasts derived continuous and substantial economic benefit to MICHIGAN STATE UNIVERSITY, its Sports Medicine Department and its athletics programs. MICHIGAN STATE UNIVERSITY's reputation as the Olympic gymnastics doctor, created confidence, trust, and pedigree in the Defendant MICHIGAN STATE UNIVERSITY's Sports Medicine program which furthered MICHIGAN STATE UNIVERSITY's financial and athletics interests. Plaintiff is informed and believes and on that basis alleges that by having MICHIGAN STATE UNIVERSITY, the Olympic doctor, employed at the MICHIGAN STATE UNIVERSITY facilities, MICHIGAN STATE UNIVERSITY benefitted financially by attracting better athletic recruits, and providing treatment to non-collegiate athletes seeking perceived elite medical care.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**SECOND AMENDED COMPLAINT FOR DAMAGES**

50.     From in or around 1996 until September 2016, Defendant NASSAR was a full-time employee of MICHIGAN STATE UNIVERSITY, and a physician in its Sports Medicine Department. During this period, his job duties involved a vast allocation of his time (approximately 50%) being spent conducting what is described by MICHIGAN STATE UNIVERSITY as "outreach". One of the organizations that he routinely provided outreach for, and that MICHIGAN STATE UNIVERSITY knew NASSAR would routinely provide "outreach" for, was Defendant USA GYMNASTICS, which can be found in NASSAR's employment documents. Thus, the work performed by NASSAR for USA GYMNASTICS, was performed within the course and scope of NASSAR's employment with MICHIGAN STATE UNIVERSITY, and MICHIGAN STATE UNIVERSITY was responsible with USA GYMNASTICS (and other defendants), for supervising NASSAR, protecting the Plaintiff from NASSAR and warning the Plaintiff's parents of the risked posed by NASSAR to the Plaintiff and other minor girls in USA GYMNASTICS and MICHIGAN STATE UNIVERSITY's care. As part of NASSAR's employment, MICHIGAN STATE UNIVERSITY explicitly allowed and encouraged NASSAR to travel across the country with USA GYMNASTICS, and travel to Texas to perform work for Defendants BELA KAROLYI and MARTA KAROLYI. MICHIGAN STATE UNIVERSITY, at all times relevant to Jane LM Doe's abuse, knew that NASSAR was performing purported medical treatments on minor children, knew that NASSAR had complaints pertaining to these purported medical treatments (which were disguised, sexually abusive acts), but nonetheless allowed Defendant NASSAR to continue working for Defendants USA GYMANSTICS, BELA KAROLYI and MARTA KAROLYI, without any prior warning, protection, or remedial steps taken to limit his access to minor children.

51.     Defendant MICHIGAN STATE UNIVERSITY purposely conducts substantial business activities in the State of California. Defendant MICHIGAN STATE UNIVERSITY actively seeks and recruits minor athletes from California, specifically the Los Angeles and Southern California area, to attend schooling at MICHIGAN STATE UNIVERSITY. The Defendant MICHIGAN STATE UNIVERSITY further conducts business in the State of California by sending representatives to college fairs and recruitment events to lure potential students to attend Defendant MICHIGAN STATE UNIVERSITY. Furthermore, MICHIGAN STATE

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-21-

1   UNIVERSITY employed NASSAR and compensated NASSAR to provide medical treatment

2   throughout the United States with USA GYMNASTICS, and even throughout the world.

3   Defendant MICHIGAN STATE UNIVERSITY knowingly permitted NASSAR to travel the world

4   performing his abusive procedures on minor gymnasts with USA GYMNASTICS, including Jane

5   LM Doe. Despite having numerous warning signs that NASSAR was sexually abusive towards

6   minors and young women, MICHIGAN STATE UNIVERSITY continued to employ NASSAR

7   and continued to allow NASSAR to be associated with USA GYMNASTICS. MICHIGAN

8   STATE UNIVERSITY knew that NASSAR travelled throughout the United States, and employed

9   him to do so. It was under these circumstances that NASSAR was given solitary and secluded

10  access to minors, including the Plaintiff Jane LM Doe, where NASSAR sexually violated the

11  Plaintiff.

12        52.    Under the applicable laws, Defendant MICHIGAN STATE UNIVERSITY and its

13  Sports Medicine Department and athletics departments, are organizations whose employees,

14  agents, and/or servants are legally "mandated reporters", considering that Defendant MICHIGAN

15  STATE UNIVERSITY operates a medical facility, and its employees' duties require providing

16  direct medical care. Furthermore, Defendant MICHIGAN STATE UNIVERSITY is governed by

17  Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681 *et seq.*, and is

18  required to investigate allegations of sexual assault, sexual abuse and sexual harassment.

19  Defendant MICHIGAN STATE UNIVERSITY systematically failed to uphold the duties and

20  requirements under Title IX through a pattern, history and culture of willful disregard for

21  allegations of sexual abuse.

22        53.    Because MICHIGAN STATE UNIVERSITY is a public university organized and

23  existing under the laws of the State of Michigan, and Michigan statutory law requires parties to

24  file a Notice of Intention to File Claim in order to maintain any action against the state, in

25  satisfaction of M.C.L. §600.6431 Plaintiffs filed Notices of Intent to File Claim with the

26  Michigan Court of Claims on December 21, 2016, through the use of local counsel in Michigan.

27  / /

28  / /

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-22-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**DOE DEFENDANTS 1-500**

54.     Defendants DOES 1 through 500, inclusive, and each of them, are sued herein under said fictitious names. Plaintiff is ignorant as to the true names and capacities of DOES 1 through 500, whether individual, corporate, associate, or otherwise, and therefore sue said Defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will request leave of Court to amend this Complaint to state their true names and capacities herein.

55.     The Perpetrator (NASSAR), Defendant USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTHA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., AOGC ALL OLYMPIA GYMNASTIC CENTER INC., GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500, inclusive, are sometimes collectively referred to herein as "Defendants" and/or as "All Defendants"; such collective reference refers to all specifically named Defendants as well as those fictitiously named herein.

56.     Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, each Defendant was responsible in some manner or capacity for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by all said Defendants.

57.     At all times mentioned herein, each and every Defendant was an employee, agent, and/or servant of the Perpetrator (NASSAR), Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTHA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., AOGC ALL OLYMPIA GYMNASTIC CENTER INC., GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500, inclusive, and/or was under their complete control and/or active supervision. Defendants and each of them are individuals, corporations, partnerships and/or other entities that engaged in, joined in, and conspired with other Defendants and wrongdoers in carrying out the tortuous and unlawful activities described in this Complaint.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-23-

58.     Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, there existed a unity of interest and ownership among Defendants and each of them such that any individuality and separateness between Defendants, and each of them, ceased to exist. Defendants and each of them were the successors-in-interest and/or alter egos of the other Defendants, and each of them, in that they purchased, controlled, dominated and operated each other without any separate identity, observation of formalities, or other manner of division.  To continue maintaining the facade of a separate and individual existence between and among Defendants, and each of them, would serve to perpetrate a fraud and injustice.

59.     Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, the Perpetrator (NASSAR), Defendant USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTHA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., AOGC ALL OLYMPIA GYMNASTIC CENTER INC., GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500 were the agents, representatives and/or employees of each and every other Defendant. In doing the things hereinafter alleged, Defendants and each of them were acting within the course and scope of said alternative personality, capacity, identity, agency, representation and/or employment and were within the scope of their authority, whether actual or apparent.

60.     Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, the Perpetrator (NASSAR), Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTHA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., AOGC ALL OLYMPIA GYMNASTIC CENTER INC., GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500 were the trustees, partners, servants, joint venturers, shareholders, contractors, and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that said conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiff.

SECOND AMENDED COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS BY JANE LM DOE**

61.    At all times material hereto, Plaintiff was a minor participant and member of Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, and ALL OLYMPIA and was under their complete control, dominion, and supervision. The Perpetrator (NASSAR) worked for, was employed by, and/or an agent/servant of the Defendants USA GYMNASTICS, ALL OLYMPIA DEFENDANTS, KAROLYI DEFENDANTS and/or DOES 1 through 500, when the Perpetrator (NASSAR) came into contact with the Plaintiff.

62.    At all times material hereto, the Perpetrator (NASSAR) was under the direct supervision, management, agency and control of Defendants USA GYMNASTICS, COLAROSSI, PENNY, KAROLYI DEFENDANTS, and DOES 1 through 500, inclusive. The Perpetrator (NASSAR) was the team physician of Defendant USA GYMNASTICS, KAROLYI DEFENDANTS, and DOES 1 through 500. While a team physician at Defendant USA GYMNASTICS, KAROYLI DEFENDANTS and DOES 1 through 500, the Perpetrator's (NASSAR) employment duties included coordinating the care for Defendant USA GYMNASTICS, KAROYLI DEFENDANTS and DOES 1 through 500, at every national and international competition, providing individual care and providing for the physical needs and well-being of participants and members of Defendant USA GYMNASTICS, ALL OLYMPIA, KAROLYI DEFENDANTS and DOES 1 through 500, and care including but not limited to osteopathic adjustments and kinesiology treatment to participants and members of Defendants USA GYMNASTICS, ALL OLYMPIA, KAROLYI DEFENDANTS and DOES 1 through 500, which included Plaintiff. Plaintiff was a participant and member of Defendant USA GYMNASTICS, ALL OLYMPIA, KAROLYI DEFENDANTS and DOES 1 through 500 and it is under these circumstances that Plaintiff came to be under the direction and control of the Perpetrator (NASSAR), who used his position of authority and trust to molest and sexually abuse Plaintiff.

63.    As a member and participant of Defendants USA GYMNASTICS, ALL OLYMPIA, KAROLYI DEFENDANTS, and DOES 1 through 500 while the Perpetrator (NASSAR) was a team physician, the minor Plaintiff was under the Perpetrator's (NASSAR)

-25-
**SECOND AMENDED COMPLAINT FOR DAMAGES**

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1   direct supervision, control and care, which created a special, confidential, and fiduciary

2   relationship between Plaintiff and the Perpetrator (NASSAR). Because of such relationship, the

3   Perpetrator (NASSAR) owed Plaintiff a duty of care. Additionally, as the employers and

4   supervisors of the Perpetrator (NASSAR), with knowledge that he was in contact with and

5   providing care to children, Defendants USA GYMNASTICS, ALL OLYMPIA, KAROLYI

6   DEFENDANTS and DOES 1 through 500 were also in a special, confidential, and fiduciary

7   relationship with Plaintiff, owing the Plaintiff JANE LM DOE a duty of care.

8        64.    By assigning the Perpetrator (NASSAR) as team physician of Defendant USA

9   GYMNASTICS, KAROLYI DEFENDANTS and DOES 1 through 500, Defendants USA

10   GYMNASTICS, KAROLYI DEFENDANTS and DOES 1 through 500 represented to the

11   community and participants and members of Defendant USA GYMNASTICS, KAROLYI

12   DEFENDANTS and DOES 1 through 500 that the Perpetrator (NASSAR) was safe, trustworthy,

13   and of high moral and ethical repute, such that parents of participants and members need not worry

14   about having the Perpetrator (NASSAR) interact with, and provide care to their minor children.

15   Defendants did so in order to preserve their own public image and reputation, so they could retain

16   past participants and members and recruit new participants and members, thus

17   allowing donations and other financial support to continue flowing into their coffers for financial

18   gain.

19        65.    Plaintiff is informed and believes, and on that basis alleges, that Defendants knew

20   or should have known that the Perpetrator (NASSAR) had engaged in unlawful sexually-related

21   conduct in the past, and/or was continuing to engage in such conduct. Defendants had a duty to

22   disclose these facts to Plaintiff, her parents and others, but negligently and/or intentionally

23   suppressed, concealed or failed to disclose this information. The duty to disclose this information

24   arose by the special, trusting, confidential, fiduciary relationship between Defendants and Plaintiff.

25        66.    Plaintiff is informed and believes, and on that basis alleges, that while Plaintiff was

26   a participant and member of Defendant USA GYMNASTICS, ALL OLYMPIA, KAROLYI

27   DEFENDANTS, and DOES 1 through 500, Defendants engaged in a pattern and practice of

28   employing other staff, coaches, and volunteers and retaining members known to be a danger to

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-26-

1  participants and members in their care, including the Perpetrator (NASSAR). Defendants

2  employed multiple other professionals, staff, and agents who were known to be abusive and/or

3  were continuing to be abusive. Defendant USA GYMNASTICS' own website catalogues a list of

4  over twenty (20) individuals, nationwide, who are "Permanently Ineligible Members" at Defendant

5  USA GYMNASTICS for violation of Bylaw 9.2(a)(iii). That Bylaw section, promulgated by

6  Defendant USA GYMNASTICS, provides for "Special Categories of Misconduct"; specifically,

7  the category of misconduct under 9.2(a)(iii) states:

8        "Has been convicted of or has entered a plea of guilty or no contest to a criminal

9        charge or indictment issued by an applicable City, County, State or Federal

10        jurisdiction, and such charge or indictment directly or indirectly involved or related

11        to sexual misconduct, child abuse or conduct that is a violation of any law or

12        regulation that is specifically designed to protect minors."

13        67.     It is upon information, and therefore belief, that the prevalence of sexually abusive

14  members of Defendant USA GYMNASTICS evidences the knowledge of Defendants of the risk

15  that minor gymnastics participants were placed at, while participating in Defendants USA

16  GYMNASTICS, KAROLYI DEFENDANTS and ALL OLYMPIA DEFENDANTS' programs.

17  Furthermore, it is upon information, and therefore belief, that this evidences a widespread and

18  systemic problem at Defendants USA GYMNASTICS, KAROLYI DEFENDANTS and ALL

19  OLYMPIA DEFENDANTS of allowing sexually abusive members to participate in and with

20  Defendants USA GYMNASTICS, KAROLYI DEFENDANTS and ALL OLYMPIA

21  DEFENDANTS.

22        68.     Plaintiff is informed and believes and on that basis alleges Defendants knew of, or

23  should have known, the Perpetrator's (NASSAR) propensity and disposition to engage in sexual

24  misconduct with minors before he sexually abused and molested Plaintiff, and knew of the

25  probability that he would molest minors with whom he came into contact, such as Plaintiff.

26        69.     Defendants failed to implement reasonable safeguards to avoid acts of unlawful

27  sexual conduct by the Perpetrator (NASSAR) in the future, including avoiding placement of the

28  Perpetrator (NASSAR) in a position where contact and interaction with children is an inherent

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-27-

1   function. Defendants ignored and suppressed the past sexual misconduct the Perpetrator

2   (NASSAR) had engaged in.

3         70.    Plaintiff is informed and believes and on that basis alleges, that Defendants were

4   apprised, knew or should have known and/or were put on notice of the Perpetrator's (NASSAR)

5   past sexual abuse of children, past claims and/or investigations, and his propensity and disposition

6   to engage in such unlawful activity and unlawful sexual activity with minor participants and

7   members such that Defendants knew or should have known that the Perpetrator (NASSAR) would

8   commit wrongful sexual acts with participants and members, including Plaintiff. Plaintiff is

9   informed and believes, and on that basis alleges that personnel and/or employment records and

10   other records of Defendants' reflect numerous incidents of inappropriate sexual contact and

11   conduct with minor participants and members by the Perpetrator (NASSAR) and other

12   professionals, employees, assistants, agents, supervisors and others, including incidents occurring

13   both on and off the physical premises of such Defendants and at national and international meets.

14   Based on these records, Defendants knew and/or should have known of the Perpetrator's

15   (NASSAR) history of sexual abuse, past claims and/or past investigations, and his propensity and

16   disposition to engage in unlawful activity and unlawful sexual activity with participants and

17   members such that Defendants knew or should have known that the Perpetrator (NASSAR) would

18   commit wrongful sexual acts with those minor participants and members, including Plaintiff.

19         71.    Because of the relationship between Plaintiff and Defendants, Defendants had an

20   obligation and duty under the law not to hide material facts and information about the Perpetrator's

21   (NASSAR) past, and his deviant sexual behavior and propensities. Additionally, Defendants had

22   an affirmative duty to inform, warn, and institute appropriate protective measures to safeguard

23   minors who were reasonably likely to come in contact with the Perpetrator (NASSAR). Defendants

24   willfully refused to notify, give adequate warning and implement appropriate safeguards, thereby

25   creating the peril that ultimately damaged Plaintiff.

26         72.    Plaintiff is informed and believes and on that basis alleges that prior to Plaintiff's

27   sexual abuse by the Perpetrator (NASSAR), Defendants engaged in a pattern and practice of

28   employing sexual abusers at the Perpetrator (NASSAR). Defendants concealed these facts from

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-28-

participants and members, their parents, the Los Angeles community, the Texas community, the gymnastics community, the public at large, the United States government, various local governments, and law enforcement agencies.

73.    Furthermore, Defendants USA GYMNASTICS and KAROLYI DEFENDANTS violated their own policies in allowing the Perpetrator (NASSAR) to come into contact with the Plaintiff. Defendant USA GYMNASTICS' policies, entitled "Standards of Behavior" provide that, "Avoid Being Alone with a Minor." Gymnastics is a sport that lends itself to one-on-one situations between a coach and a gymnast. Avoid being alone with a child or any group of children in a private setting (e.g., locker room, bathroom, office, vehicle or residence), and avoid being alone with a child or any group of children in any place that is inappropriate to the coach-athlete relationship. When a one-on-one situation is necessary, such as private coaching lessons or conversations, conduct the activity within the view of another adult." Some of the abuse perpetrated by the Perpetrator (NASSAR) against the Plaintiff, was perpetrated in the living quarters of JANE LM DOE, outside of the view of any adults and in direct violation of Defendant USA GYMNASTICS and KAROLYI DEFENDANTS' policies implemented for the safety of participants.

74.    Plaintiff is informed and believes and on that basis alleges that as part of Defendants' conspiratorial and fraudulent attempt to hide the Perpetrator's (NASSAR) propensity to sexually abuse children, and prior sexual misconduct with children, from public scrutiny and criminal investigation, Defendants implemented various measures designed to make the Perpetrator's (NASSAR) conduct harder to detect and ensure minors with whom he came into contact, such as Plaintiff, would be sexually abused, including:

a.    Permitting the Perpetrator (NASSAR) to remain in a position of authority and trust after Defendants knew or should have known that he was a molester of children;

b.    Placing the Perpetrator (NASSAR) in a separate and secluded environment, at Defendant USA GYMNASTICS, KAROLYI DEFENDANTS and DOES 1 through 500, including assigning him unfettered access and control over minor participants and members that included individual and private examinations, private osteopathic adjustments without a chaperone, and allowing the Perpetrator (NASSAR) to physically and sexually interact with the children, including Plaintiff;

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-29-

c.  Failing to disclose the Perpetrator's (NASSAR) prior record of misconduct, sexual abuse, harassment and molestation and his propensity to commit such acts towards participants and members in Defendants Defendant USA GYMNASTICS, KAROLYI DEFENDANTS and DOES 1 through 500's program, the public at large, and law enforcement;

d.  Allowing the Perpetrator (NASSAR) unsupervised and un-controlled access to minors, including the Plaintiff JANE LM DOE;

e.  Holding out the Perpetrator (NASSAR) to Plaintiff, her parents, other participants and members of Defendants USA GYMNASTICS, KAROLYI DEFENDANTS and DOES 1 through 500, and the public at large as a trustworthy and honest person of high ethical and moral repute who was capable and worthy of being granted unsupervised access to the children of Defendants USA GYMNASTICS, KAROLYI DEFENDANTS and DOES 1 through 500;

f.  Failing to investigate or otherwise confirm or deny such facts about the Perpetrator (NASSAR), including prior arrests, charges, claims and investigations for sexual abuse;

g.  Failing to inform, or concealing from Plaintiffs parents and law enforcement officials the fact that Plaintiff and others were or may have been sexually abused, harassed and molested, after Defendants knew or should have known that the Perpetrator (NASSAR) may have sexually abused Plaintiff or others, thereby enabling Plaintiff to continue to be endangered and sexually abused, harassed, molested, and/or creating the circumstance where Plaintiff and others were less likely to receive proper medical treatment, thus exacerbating the harm to Plaintiff;

h.  Holding out the Perpetrator (NASSAR) to Plaintiff, her parents, and to the community as being in good standing and trustworthy;

i.  Cloaking the Perpetrator's (NASSAR) prior sexual misconduct with children within the facade of normalcy, thereby disguising the nature of his sexual abuse and contact with minors;

j.  Failing to take reasonable steps and to implement reasonable safeguards to avoid acts of unlawful sexual conduct by the Perpetrator (NASSAR) such as avoiding placement of the Perpetrator (NASSAR) in functions or environments in which his solitary contact with children was inherent;

k.  Failing to put in place a system or procedure to supervise or monitor physicians, athletic trainers, and agents to insure they do not molest or abuse minors in Defendants' care.

75.  By his position within the Defendants' institutions, the Perpetrator (NASSAR) attained a position of influence over Plaintiff, and others. Defendants' conduct created a situation of peril that was not, and could not be appreciated by Plaintiff. By virtue of Defendants' conspiratorial and fraudulent conduct, and in keeping with their intent to fail to disclose and hide the Perpetrator's (NASSAR) past and present conduct from the community, the public at large and law enforcement, Defendants allowed the Perpetrator (NASSAR) to remain in a position of

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-30-

1   influence where his unsupervised or negligently supervised conduct with minor participants and

2   members made the molestation and abuse of minor participants and members possible.

3       76.     By his position within the Defendants' institutions, Defendants and the Perpetrator

4   (NASSAR) demanded and required that Plaintiff respect the Perpetrator (NASSAR), in his

5   position as team physician for Defendant USA GYMNASTICS, KAROLYI DEFENDANTS, and

6   DOES 1 through 500.

7       77.     The sexual harassment and abuse of Plaintiff by the Perpetrator (NASSAR),

8   outlined below, took place while Defendant the Perpetrator (NASSAR) was the team physician of

9   Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, DOES 1 through 500, and

10  Plaintiff was a participant and member of Defendants USA GYMNASTICS, KAROLYI

11  DEFENDANTS, DOES 1 through 500, while the Perpetrator (NASSAR) was serving as an agent

12  and employee of Defendants in his capacity as team physician:

a.   In his capacity as a team physician with Defendants USA GYMNASTICS,
     KAROLYI DEFENDANTS, DOES 1 through 500, the Perpetrator (NASSAR)
     was given custody and supervision of minors, including Plaintiff. The Perpetrator
     (NASSAR) used this position to coerce children to concede to his sexual
     suggestions, using his authority and position of trust to exploit them physically,
     sexually, and emotionally;

b.   Plaintiff became a member and participant of Defendants USA GYMNASTICS,
     KAROLYI DEFENDANTS, DOES 1 through 500 and was on the US National
     Team starting in 2004. Plaintiff soon formed a relationship with the Perpetrator
     (NASSAR), Defendants USA GYMNASTICS, KAROLYI DEFENDANTS,
     DOES 1 through 500's team physician. At this time, in or around 2004, the
     Perpetrator (NASSAR) commenced the process of "grooming" Plaintiff for later
     physical, sexual and emotional abuse. Plaintiff is informed and believes the
     Perpetrator (NASSAR) would use the guise of care, athletic training, osteopathy,
     and kinesiology to normalize intimate, inappropriate, and sexually abusive contact
     with Plaintiff. Plaintiff is informed and believes the Perpetrator (NASSAR) would
     enter the living quarters of the Plaintiff JANE LM DOE and other gymnasts at
     THE RANCH, placing Plaintiff under the impression this inappropriate contact
     was part of treatment. During this period, Plaintiff was a patient under the
     Perpetrator's (NASSAR) direct supervision and control.

c.   Plaintiff is informed and believes the Perpetrator's (NASSAR) physical and
     sexual abuse of Plaintiff commenced after the grooming of Plaintiff began, and
     occurred multiple times while the team was traveling and before and after
     competitive meets up until in and around 2010. Specifically, the Plaintiff was
     sexually abused by NASSAR on trips to the following events (though this is not
     an exhaustive list of such events where the Plaintiff was sexually abused by
     NASSAR while travelling): 2010 World Gymnastics Championships in
     Rotterdam, Netherlands; the 2008 Visa Championships in Boston, Massachusetts;
     and the 2007 Visa World Championships held in San Jose, California. During this

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-31-

SECOND AMENDED COMPLAINT FOR DAMAGES

period, Plaintiff was a participant, member, and patient under the Perpetrator's (NASSAR) and Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, DOES 1 through 500's direct supervision and control. Using his position as team physician, the Perpetrator (NASSAR) would interact with Plaintiff under the guise of providing her care and treatments necessary for her to compete as a world-class, Olympic medal-winning gymnast. Under these circumstances, the Perpetrator (NASSAR) introduced his bare hand to Plaintiff's vagina, on multiple locations including but not limited to: the Ranch; 2010 World Gymnastics Championships in Rotterdam, Netherlands; the 2008 Visa Championships in Boston, Massachusetts; and the 2007 Visa World Championships held in San Jose, California, in Plaintiff's assigned living quarters, without any supervision or a chaperone. Plaintiff is informed and believes that the Perpetrator's (NASSAR) sexual abuse, molestation, and harassment of Plaintiff occurred on the premises of Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, DOES 1 through 500, in living quarters, in training facilities, in gyms, et cetera.

d. During these occurrences, the Perpetrator (NASSAR) told Plaintiff about the need for osteopathic adjustments to correct issues Plaintiff was having with her back from training and performing for Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, DOES 1 through 500. The Perpetrator (NASSAR) told Plaintiff about the need to do an "intravaginal adjustment," a fictitious guise where the Perpetrator (NASSAR) would digitally penetrate Plaintiff's vagina in order to adjust her bones. This "intravaginal adjustment" was done without gloves, lubricant, and/or a chaperone, and was done for the Perpetrator's (NASSAR) own sexual gratification. In addition, the Plaintiff is informed and believes that the Perpetrator (NASSAR) would do vaginal examinations of Plaintiff and other gymnasts in the care of Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, DOES 1 through 500, without gloves, a chaperone, and/or any form of lubricant. These vaginal examinations were well outside any recognized and/or accepted technique and were done for the Perpetrator's (NASSAR) own sexual gratification.

e. The Perpetrator's (NASSAR) sexual abuse and harassment of Plaintiff was done for the Perpetrator's (NASSAR) personal sexual gratification, and it annoyed, disturbed, irritated, and offended Plaintiff as it would have a reasonable person. Plaintiff did not consent to the sexual abuse and harassment by the Perpetrator (NASSAR) and further, was incapable of consenting to such because she was a minor at the time of the sexual abuse.

78.    As set forth more fully herein above, the Perpetrator (NASSAR) did sexually abuse, harass and molest Plaintiff, who was a minor child at the time of the acts at-issue. Plaintiff is informed and believes, and on that basis alleges, that such conduct by the Perpetrator (NASSAR) was based upon Plaintiff's gender, and was done for NASSAR's sexual gratification. These actions upon Plaintiff were performed by the Perpetrator (NASSAR) without the free consent of Plaintiff, who was a young child, and could therefore not give valid legal consent.

79.    During the period Plaintiff was being sexually abused and harassed by the Perpetrator (NASSAR), Defendants had the authority and ability to prevent such abuse by removing the Perpetrator (NASSAR) from his position as team physician at Defendants USA

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-32-

1  GYMNASTICS, KAROLYI DEFENDANTS, DOES 1 through 500. They failed to do so,

2  allowing the abuse to occur and to continue unabated. Plaintiff is informed and believes and on

3  that basis alleges that this failure was a part of Defendants' conspiratorial plan and arrangement to

4  conceal the Perpetrator's (NASSAR) wrongful acts, to avoid and inhibit detection, to block public

5  disclosure, to avoid scandal, to avoid the disclosure of their tolerance of child sexual molestation

6  and abuse, to preserve a false appearance of propriety, and to avoid investigation and action by

7  public authority including law enforcement. Such actions were motivated by a desire to protect the

8  reputation of Defendants and protect the monetary support of Defendants, while fostering an

9  environment where such abuse could continue to occur.

10      80.     As a direct result of the sexual harassment and abuse of Plaintiff by the Perpetrator

11  (NASSAR), Plaintiff has had difficulty in meaningfully interacting with others, including those in

12  positions of authority over Plaintiff including physicians, athletic supervisors, and agents. Plaintiff

13  has been limited in her ability to meaningfully interact with others due to the trauma of childhood

14  sexual abuse. This inability to interact creates conflict with Plaintiff's values of trust and

15  confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness

16  and fear. As a direct result of the sexual abuse and molestation by the Perpetrator (NASSAR),

17  Plaintiff suffered immensely, including, but not limited to, encountering issues with a lack of trust,

18  various negative psychological and emotional sequelae, depressive symptoms, anxiety attacks (or

19  panic attacks), eating disorders, anxiety, and nervousness.

20      81.     As a direct and proximate result of Defendants' tortuous acts, omissions, wrongful

21  conduct and breaches of their duties, Plaintiff's employment and professional development has

22  been adversely affected. Plaintiff has lost wages and will continue to lose wages in an amount to

23  be determined at trial. Plaintiff has suffered substantial economic injury, all to Plaintiff's general,

24  special and consequential damage in an amount to be proven at trial, but in no event less than the

25  minimum jurisdictional amount of this Court.

26      82.     As a further direct and proximate result of Defendants' wrongful actions, as herein

27  alleged, Plaintiff has been hurt in her health, strength and activity. Plaintiff has sustained

28  permanent and continuing injury to her nervous system and person, which has caused and

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-33-

continues to cause great mental, physical and nervous pain, suffering, fright, upset, grief, worry and shock in an amount according to proof at trial but in no event less than the jurisdictional minimum requirements of this Court.

83.    As is set forth herein, Defendants and each of them have failed to uphold numerous mandatory duties required of them by state and federal law, as well as their own internal written policies and procedures, including:

- Duty to use reasonable care to protect participants and members from known or foreseeable dangers
- Duty to enact policies and procedures that are not in contravention of the Federal Civil Rights Act, section 1983 and the 14th amendment of the United States Constitution;
- Duty to protect participants and members and staff, and provide adequate supervision;
- Duty to ensure that any direction given to participants and members is lawful, and that adults act fairly, responsibly and respectfully towards participants and members;
- Duty to properly train staff so that they are aware of their individual responsibility for creating and maintaining a safe environment;
- Duty to review the criminal history of applicants and current employees;
- Duty to provide diligent supervision over minors;
- Duty to act promptly and diligently and not ignore or minimize problems.
- Duty to report suspected incidents of child abuse and more specifically childhood sexual abuse;

84.    Defendants and each of them had and have a duty to protect participants and members, including Plaintiff. Defendants were required to, and failed, to provide adequate supervision, and failed to be properly vigilant in seeing that supervision was sufficient at Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA, MICHIGAN STATE UNIVERSITY and DOES to ensure the safety of Plaintiff and others.

85.    Despite having a duty to do so, Defendants failed to adequately train and supervise all staff to create a positive and safe environment, specifically including training to perceive, report and stop inappropriate sexual conduct by other members of the staff, specifically including the Perpetrator (NASSAR), with children.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-34-

86.     Defendants failed to enforce their own rules and regulations designed to protect the health and safety of the participants and members. Further, they failed to adopt and implement safety measures, policies and procedures designed to protect minor children such as Plaintiff from the sexually exploitive and abusive acts of their agents and employees such as the Perpetrator (NASSAR).

## ALLEGATIONS PERTAINING TO MICHIGAN STATE UNIVERSITY

87.     During the time in which Jane LM Doe was sexually abused by NASSAR, NASSAR was the employee of MICHIGAN STATE UNIVERSITY. MICHIGAN STATE UNIVERSITY knowingly permitted NASSAR to travel the United States with Jane LM Doe (as well as numerous other minor gymnasts) and USA GYMNASTICS, providing purported medical treatment to Jane LM Doe and other National Team gymnasts. Despite knowing that NASSAR was sexually abusive towards minor patients and gymnasts, MICHIGAN STATE UNIVERSITY allowed NASSAR to continue to provide purported medical treatment to minor gymnasts, including the Plaintiff. Specifically, MICHIGAN STATE UNIVERSITY had received complaints about NASSAR touching athletes on their vagina, and inappropriately:

a. In or around 1998 through in or around 2001, a softball player at MICHIGAN STATE UNIVERSITY was being sexually assaulted by Dr. Nassar. That softball player complained to trainers at MICHIGAN STATE UNIVERSITY, including the head trainer for women's softball, about the invasive procedures conducted by Dr. Nassar. *See Tiffany Thomas Lopez v. MSU* (California Superior Court, Case No. BC 44417). On three (3) separate occasions, Tiffany Thomas Lopez ("Ms. Lopez") complained to MICHIGAN STATE UNIVERSITY staff that Defendant NASSAR was illicitly penetrating her vagina. Upon speaking with the head trainer, Ms. Lopez was told to stop complaining about the treatments, that she was required to undergo treatment with Defendant NASSAR to maintain her position as a scholarship athlete, and intimidated from reporting.

b. In or around 1999 the MICHIGAN STATE UNIVERSITY Defendants were also put on notice of Defendant NASSAR's conduct by Jane X. Doe[1], a MICHIGAN STATE UNIVERSITY student athlete, after she complained to MICHIGAN STATE UNIVERSITY employees, including trainers and her head coach, that Defendant NASSAR inappropriately touched her vaginal area although she was seeking treatment for an injured hamstring.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

---

[1] Jane X. Doe is another individual who was sexually abused by Dr. Nassar and whose identity is protected from disclosure pursuant to her privacy rights ensured by the Federal Constitution. Her claim and case was filed in the State of Michigan.

-35-

88.     Despite having full-knowledge of the above-stated facts, MICHIGAN STATE UNIVERSITY permitted NASSAR to continue to perform "outreach" for USA GYMNASTICS, and to be in contact with minor gymnasts and young women, as his patients. It was through this contact that NASSAR gained the trust of Jane LM Doe, and repeatedly sexually abused her under the guise of medical treatment.

89.     During the period in which the Plaintiff was being sexually abused and harassed by NASSAR, Defendants had the authority and ability to prevent such abuse by removing NASSAR from his positions with USA GYMNASTICS, MICHIGAN STATE UNIVERSITY, and DOES. They failed to do so, allowing the abuse to occur and to continue unabated. Plaintiff is informed and believes and on that basis alleges that this failure was a part of Defendants' conspiratorial plan and arrangement to conceal NASSARS's wrongful acts, to avoid and inhibit detection, to block public disclosure, to avoid scandal, to avoid the disclosure of their tolerance of child sexual abuse, to preserve a false appearance of propriety, and to avoid investigation and action by public authority including law enforcement. Such actions were motivated by a desire to protect the reputation of Defendants and protect the monetary support of Defendants, while fostering an environment where such abuse could continue to occur.

90.     As a direct result of the sexual harassment and abuse of Plaintiff by NASSAR, Plaintiff has had difficulty in meaningfully interacting with others, including those in positions of authority over Plaintiff including physicians, athletic supervisors, and agents. Plaintiff has been limited in her ability to meaningfully interact with others due to the trauma of childhood sexual abuse. This inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness and fear. As a direct result of the sexual abuse by NASSAR, Plaintiff suffered immensely, including, but not limited to, encountering issues with a lack of trust, various negative psychological and emotional sequelae, depressive symptoms, anxiety, and nervousness.

91.     As a direct and proximate result of Defendants' tortuous acts, omissions, wrongful conduct and breaches of their duties, Plaintiff's employment and professional development has been adversely affected. Plaintiff has lost wages and will continue to lose wages in an amount to

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

SECOND AMENDED COMPLAINT FOR DAMAGES

be determined at trial. Plaintiff has suffered substantial economic injury, all to Plaintiff's general, special and consequential damage in an amount to be proven at trial, but in no event less than the minimum jurisdictional amount of this Court.

92. As a further direct and proximate result of Defendants' wrongful actions, as herein alleged, Plaintiff has been hurt in her health, strength and activity. Plaintiff has sustained permanent and continuing injury to her nervous system and person, which has caused and continues to cause great mental, physical and nervous pain, suffering, fright, upset, grief, worry and shock in an amount according to proof at trial but in no event less than the jurisdictional minimum requirements of this Court.

93. As is set forth herein, Defendants and each of them have failed to uphold numerous mandatory duties required of them by state and federal law, as well as their own internal written policies and procedures, including:

- Duty to use reasonable care to protect participants and members from known or foreseeable dangers

- Duty to enact policies and procedures that are not in contravention of the Federal Civil Rights Act, section 1983 and the 14th amendment of the United States Constitution;

- Duty to protect participants and members and staff, and provide adequate supervision;

- Duty to ensure that any direction given to participants and members is lawful, and that adults act fairly, responsible and respectfully towards participants and members;

- Duty to properly train staff so that they are aware of their individual responsibility for creating and maintaining a safe environment;

- Duty to inform the Plaintiff, and others, of DOE 1's sexually exploitive propensity, or, alternatively, remove him from further service as an employee;

- Duty to review the criminal history of applicants and current employees;

- Duty to provide diligent supervision over minors;

- Duty to act promptly and diligently and not ignore or minimize problems.

- Duty to report suspected incidents of child abuse and more specifically childhood sexual abuse (*Penal Code* sections 11166, 11167).

94. Defendants and each of them had and have a duty to protect participants and members, including Plaintiff. Defendants were required to, and failed, to provide adequate

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-37-

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1  supervision, and failed to be properly vigilant in seeing that supervision was sufficient at USA

2  GYMNASTICS, ALL OLYMPIA GYMNASTICS CENTER, KAROLYI RANCH, MICHIGAN

3  STATE UNIVERSITY and DOES to ensure the safety of Plaintiff and others.

4      95.    Despite having a duty to do so, Defendants failed to adequately train and supervise

5  all staff to create a positive and safe environment, specifically including training to perceive, report

6  and stop inappropriate sexual conduct by other members of the staff, specifically including

7  Defendant NASSAR with children.

8      96.    Defendants failed to enforce their own rules and regulations designed to protect the

9  health and safety of the participants and members. Further, they failed to adopt and implement

10  safety measures, policies and procedures designed to protect minor children such as Plaintiff from

11  the sexually exploitive and abusive acts of their agents and employees such as Defendant

12  NASSAR.

13  **INVOLVEMENT OF AOGC DEFENDANTS WITH THE PLAINTIFF'S TRAVEL TO**

14  **GYMNASTICS MEETS/EVENTS/TRAINING CAMPSWHERE SHE WAS SEXUALLY**

15  **ABUSED BY NASSAR**

16      97.    As a result of her relationship with the AOGC Defendants, the Plaintiff was under

17  the care, supervision, and custody of the AOGC Defendants and their servants, agents, officers,

18  directors and/or agents. Specifically, the following facts illustrate that AOGC Defendants were

19  under a duty to supervise the Plaintiff while travelling to the Karolyi Ranch, as well as to

20  gymnastics meets/events both nationally and internationally:

21      98.    Defendants Artur Akopyan and Galina Marinova undertook the task of traveling to

22  the Karolyi Ranch and gymnastics meets/events across the United States and world, as the sole

23  adult chaperones of the Plaintiff and other minor gymnasts. AOGC forbade the Plaintiff's parents

24  from attending these training camps or meets/events, and traveling to them with their daughter.

25  Plaintiff's parents were required to place their daughter in the sole physical custody, care, and

26  control of the AOGC Defendants during these times. The Plaintiff's parents entrusted their

27  daughter to the care, custody and control of the AOGC Defendants, and would allow their daughter

28  to travel with the AOGC Defendants across the United States and the world. The Plaintiff would

-38-

travel out-of-state to these events/meets and camps on the same flights with, and being chaperoned by the AOGC Defendants. During this entire time, the Plaintiff was a minor child, and it is based on these facts that the AOGC Defendants stood *in loco parentis* with the Plaintiff, as well as her parents. It was also at these meets and camps where Plaintiff was sexually abused by NASSAR.

99.    The Plaintiff and her parents were assured by the AOGC Defendants that the AOGC Defendants and/or an agent or employee of USAG would be supervising the Plaintiff at all times during these trips out-of-town, and AOGC Defendants promised Plaintiff's parents that they (the AOGC Defendants) would be supervising, coaching, protecting and caring for their child, while at these out-of-town events. The Plaintiff was viewed as the "personal gymnast" of the AOGC Defendants, and the AOGC Defendants understood that it was their obligation to care for the Plaintiff while on these trips as if she were their own child. AOGC Defendants understood that the Plaintiff and her parents relied upon the AOGC Defendants, trusting them to care for Plaintiff.

100.    While at these out-of-town events, the Defendants Artur Akopyan and Galina Marinova would coach the Plaintiff, ensure that the Plaintiff was seen by physicians if injured (including NASSAR), travel with the Plaintiff to the gymnasiums/training facilities, eat most meals with the Plaintiff and supervise the Plaintiff as she performed and/or practiced at the out-of-town events.

101.    AOGC Defendants' own manuals represented the following to gymnasts and their parents:

    a.    "When visiting another city, it is not feasible to allow gymnasts to spend time with friends or relatives during a competitive trip. (This is not the reason for our travel)."

102.    When the Plaintiff was at The Ranch or at out-of-state gymnastics events/meets, the Plaintiff would have no one from USA GYMNASTICS specifically chaperoning her. There was no specified individual that the Plaintiff was assigned to be supervised by, cared for by, or watched over by, by USA GYMNASTICS. While staying in hotels, the Plaintiff would stay with other gymnasts and the AOGC Defendants would stay in the same hotel and be the Plaintiff's main point of contact for information relating to the events.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 752-9900

-39-

103.     During the subject timeframe, the AOGC Defendants were in contact with NASSAR regarding the medical care of the Plaintiff. Galina Marinova/Artur Akopyan obtained information about the Plaintiff's medical treatment, medical care, and medical prognosis from NASSAR (and other medical professionals). Galina Marinova and/or Artur Akopyan were also present at the meets/events/training camps, and insured that the Plaintiff was treated by medical staff, including NASSAR, when she was injured. It was under these circumstances that the AOGC Defendants either knew or should have known that NASSAR was unfit to perform medical treatment upon the Plaintiff, and that the failure of the AOGC Defendants to uphold this duty, caused the Plaintiff's injuries.

104.     In subjecting Plaintiff to the wrongful treatment herein described, Defendants the Perpetrator (NASSAR), USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTHA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., AOGC ALL OLYMPIA GYMNASTIC CENTER INC., GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500 acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and/or oppression under California *Civil Code* section 3294. Plaintiff is informed, and on that basis alleges, that specifically, the Defendants acted in concert, and under their authority as child care providers, with reckless disregard for the concern of the minor participants in its charge, in order to further financially benefit its business's growth. The Defendants acted intentionally in creating an environment that harbored molesters, put the vulnerable minor participants at-risk of harm, ignored clear warning signs and their duties to report sexual abusers and molesters in their ranks, to maintain a façade of normalcy, in order to maintain its funding and provide further financial growth of Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA and DOES 1 through 500, on the international level. The safety of the minor participants that were entrusted to Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA and DOES 1 through 500 and was compromised due to Defendants desire to maintain the status quo of the Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA and DOES 1 through 500 organizations, and avoid any public

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-40-

1  scrutiny for their misconduct. Plaintiff is informed, and on that basis alleges, that these willful,

2  malicious, and/or oppressive acts, as alleged herein above, were ratified by the officers, directors,

3  and/or managing agents of the Defendants. Plaintiff is therefore entitled to recover punitive

4  damages, in an amount to be determined by the court, against Perpetrator (NASSAR), USA

5  GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTHA KAROLYI, KAROLYI

6  TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., AOGC ALL OLYMPIA

7  GYMNASTIC CENTER INC., GALINA MARINOVA, ARTUR AKOPYAN, and DOES 1

8  through 500.

9  **FIRST CAUSE OF ACTION**
   **SEXUAL ASSAULT**
10  **(Against Defendant, the Perpetrator (NASSAR))**

11      105.    Plaintiff re-alleges and incorporates by reference herein each and every allegation

12  contained herein above as though fully set forth and brought in this cause of action.

13      106.    The Perpetrator (NASSAR), in doing the things herein alleged, including intending

14  to subject Plaintiff to numerous instances of sexual abuse and molestation by the Perpetrator

15  (NASSAR), during Plaintiff's time with Defendants USA GYMNASTICS, KAROLYI

16  DEFENDANTS, ALL OLYMPIA, MICHIGAN STATE UNIVERSITY and DOES 1 through

17  500, beginning on or around 2004, and lasting for the duration of Plaintiff's tenure with these

18  Defendants, in or around 2010, including but not limited to instances of the Perpetrator (NASSAR)

19  groping and fondling the Plaintiff's vagina, all while the Perpetrator (NASSAR) acted in the course

20  and scope of his agency/employment with Defendants, and each of them and were intended to

21  cause harmful or offensive contact with Plaintiff's person, or intended to put Plaintiff in imminent

22  apprehension of such contact.

23      107.    In doing the things herein alleged, Plaintiff was put in imminent apprehension of a

24  harmful or offensive contact by the Perpetrator (NASSAR), and actually believed the Perpetrator

25  (NASSAR) had the ability to make harmful or offensive contact with Plaintiff's person.

26      108.    Plaintiff did not consent to the Perpetrator's (NASSAR) intended harmful or

27  offensive contact with Plaintiff's person, or intent to put Plaintiff in imminent apprehension of

28  such contact. Additionally, because Plaintiff was a minor during the time herein alleged, she lacked

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-41-

SECOND AMENDED COMPLAINT FOR DAMAGES

1    the ability to consent to sexual contact with any person, especially with a team physician at

2    Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, MICHIGAN STATE

3    UNIVERSITY, and DOES 1 through 500.

4        109.   In doing the things herein alleged, the Perpetrator (NASSAR) violated Plaintiff's

5    right, pursuant to *Civil Code* section 43, of protection from bodily restraint or harm, and from

6    personal insult. In doing the things herein alleged, the Perpetrator (NASSAR) violated his duty,

7    pursuant to *Civil Code* section 1708, to abstain from injuring the person of Plaintiff or infringing

8    upon his rights.

9        110.   As a result of the above-described conduct, Plaintiff has suffered and continues to

10    suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional

11    distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of

12    enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be

13    prevented from performing daily activities and obtaining the full enjoyment of life; will sustain

14    loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for

15    medical and psychological treatment, therapy, and counseling.

16        111.   Plaintiff is informed and based thereon alleges that the conduct of Defendants was

17    oppressive, malicious and despicable in that it was intentional and done in conscious disregard for

18    the rights and safety of others, and were carried out with a conscious disregard of her right to be

19    free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to

20    California *Civil Code* section 3294, entitling Plaintiff to punitive damages against Defendants in

21    an amount appropriate to punish and set an example of Defendants.

22    **SECOND CAUSE OF ACTION**
**SEXUAL BATTERY: *Civil Code* § 1708.5**

23    **(Against the Perpetrator (NASSAR))**

24        112.   Plaintiff re-alleges and incorporates by reference herein each and every allegation

25    contained herein above as though fully set forth and brought in this cause of action.

26        113.   During Plaintiff's time as team member and participant with Defendants USA

27    GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, and DOES 1

28    through 500, the Perpetrator (NASSAR) intentionally, recklessly and wantonly did acts which

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-42-

were intended to, and did result in harmful and offensive contact with intimate parts of Plaintiff's person, including but not limited to being subjected to numerous instances of sexual abuse by the Perpetrator (NASSAR), during Plaintiff's time with Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, and DOES 1 through 500, beginning on or around 2004, and lasting for the duration of Plaintiff's tenure with Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, and DOES 1 through 500, in or around 2010, including but not limited to instances of the Perpetrator (NASSAR) groping and fondling the Plaintiff's vagina, all while the Perpetrator (NASSAR) acted in the course and scope of his agency/employment with Defendants, and each of them.

114.   The Perpetrator (NASSAR) did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff's person, and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff's person that would offend a reasonable sense of personal dignity.

115.   Because of the Perpetrator (NASSAR)'s position of authority over Plaintiff, and Plaintiff's mental and emotional state, and Plaintiff's young age under the age of consent, Plaintiff was unable to, and did not, give meaningful consent to such acts.

116.   As a direct, legal and proximate result of the acts of the Perpetrator (NASSAR), Plaintiff sustained serious and permanent injuries to her person, all of his damage in an amount to be shown according to proof and within the jurisdiction of the Court.

117.   As a direct result of the sexual abuse by the Perpetrator (NASSAR), Plaintiff has difficulty in reasonably or meaningfully interacting with others, including those in positions of authority over Plaintiff including teachers, and supervisors, and in intimate, confidential and familial relationships, due to the trauma of childhood sexual abuse inflicted upon her by Defendants. This inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness and fear. As a direct result of the sexual abuse and molestation by the Perpetrator (NASSAR), Plaintiff suffered immensely, including, but not limited to, encountering issues with a lack of trust, various

SECOND AMENDED COMPLAINT FOR DAMAGES

psychological sequelae, depressive symptoms, anxiety, nervousness, and self-medicating behavior.

118.   Plaintiff is informed and based thereon alleges that the conduct of the Perpetrator (NASSAR) was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of her right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the Perpetrator (NASSAR) in an amount appropriate to punish and set an example of the Perpetrator (NASSAR).

### THIRD CAUSE OF ACTION
### GENDER VIOLENCE
### (Against the Perpetrator (NASSAR))

119.   Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

120.   The Perpetrator's (NASSAR) acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and abuse of the Plaintiff constitutes gender violence and a form of sex discrimination in that one or more of the Perpetrator's (NASSAR) acts would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

121.   The Perpetrator's (NASSAR) acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and abuse of the Plaintiff constitutes gender violence and a form of sex discrimination in that the Perpetrator's (NASSAR) conduct caused a physical intrusion or physical invasion of a sexual nature upon Plaintiff under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

122.   As a proximate result of the Perpetrator's (NASSAR) acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-44-

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1   those, or any other appropriate relief. Plaintiff is also entitled to an award of attorney's fees and

2   costs pursuant to *Civil Code* § 52.4, against the Perpetrator (NASSAR).

3   **FOURTH CAUSE OF ACTION**
    **SEXUAL HARASSMENT (*CIVIL CODE* §51.9)**

4   **(Against All Defendants)**

5   123.   Plaintiff re-alleges and incorporates by reference herein each and every allegation

6   contained herein above as though fully set forth and brought in this cause of action.

7   124.   During Plaintiff's time as a team member and participant at Defendants USA

8   GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, and DOES 1

9   through 500, the Perpetrator (NASSAR) intentionally, recklessly and wantonly made sexual

10  advances, solicitations, requests, demands for sexual compliance of a hostile nature based on

11  Plaintiff's gender that were unwelcome, pervasive and severe, including but not limited to the

12  Perpetrator (NASSAR) groping and fondling the Plaintiff's vagina, all under the supervision of

13  Defendants, who were acting in the course and scope of their agency with Defendants and each of

14  them.

15  125.   The incidents of abuse outlined herein above took place while Plaintiff was under

16  the control of Perpetrator (NASSAR) and Defendants USA GYMNASTICS, KAROLYI

17  DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY, and

18  DOES 1 through 500, as well as the staff of Defendants USA GYMNASTICS, KAROLYI

19  DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and

20  DOES 1 through 500, in their capacity and position as team physicians, athletic trainers, and staff

21  at   Defendants   USA   GYMNASTICS,   KAROLYI   DEFENDANTS,   ALL   OLYMPIA

22  DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500, and while acting

23  specifically on behalf of Defendants.

24  126.   During Plaintiff's time as a team member and participant at Defendants USA

25  GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, and DOES 1

26  through 500, the Perpetrator (NASSAR) intentionally, recklessly and wantonly did acts which

27  resulted in harmful and offensive contact with intimate parts of Plaintiff's person, including but

28

-45-

1  not limited to, using his position of authority and age to force Plaintiff to give into the Perpetrator's

2  (NASSAR) sexual suggestions.

3      127.  Because of Plaintiff's relationship with the Perpetrator (NASSAR) and Defendants

4  USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, and DOES

5  1 through 500, and Plaintiff's young age as a minor team member and participant, Plaintiff was

6  unable to easily terminate the relationship she had with the Defendants.

7      128.  Because of the Perpetrator's (NASSAR) age and position of authority, physical

8  seclusion of the Plaintiff, Plaintiff's mental and emotional state, and Plaintiff's young age under

9  the age of consent, Plaintiff was unable to, and did not and could not, give consent to such acts.

10      129.  Even though the Defendants knew or should have known of these activities by the

11  Perpetrator (NASSAR), Defendants did nothing to investigate, supervise or monitor the

12  Perpetrator (NASSAR) to ensure the safety of the minor participants and members.

13      130.  Because of Plaintiff's relationship with Defendants, as a team member and

14  participant of Defendants, and Plaintiff's young age as a minor team member and participant,

15  Plaintiff was unable to easily terminate the doctor-patient relationship she had with Defendants.

16      131.  A corporation is a "person" within meaning of *Civil Code* section 51.9, which

17  subjects persons to liability for sexual harassment within a business, service or professional

18  relationship, and such an entity defendant may be held liable under this statute for the acts of its

19  employees. *C.R. v. Tenet Healthcare Corp.*, (2009) 169 Cal.App.4th 1094. Further, principles of

20  ratification apply when the principal ratifies the agent's originally unauthorized harassment, as is

21  alleged to have occurred herein.

22      132.  Defendants' conduct (and the conduct of their agents) was a breach of their duties

23  to Plaintiff.

24      133.  As a result of the above-described conduct, Plaintiff has suffered and continues to

25  suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional

26  distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of

27  enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be

28  prevented from performing daily activities and obtaining the full enjoyment of life; will sustain

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-46-

1  loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for

2  medical and psychological treatment, therapy, and counseling.

3  **FIFTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES (*BUSINESS & PROFESSIONS CODE* §17200)**
**(Against All Defendants)**

4

5  134.   Plaintiff re-alleges and incorporates by reference herein each and every allegation

6  contained herein above as though fully set forth and brought in this cause of action.

7  135.   Plaintiff is informed and believes and on that basis alleges that the Perpetrator

8  (NASSAR) and Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA

9  DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500 have engaged in

10 unlawful, unfair and deceptive business practices including allowing NASSAR to engage in

11 repeated harassment of participants and members, including Plaintiff, and failing to take all

12 reasonable steps to prevent harassment and abuse from occurring. The unlawful, unfair and

13 deceptive business practices also included failing to adequately investigate, vet, and evaluate

14 individuals for employment with Defendants USA GYMNASTICS, KAROLYI DEFENDANTS,

15 ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500,

16 refusing to design, implement, and oversee policies regarding sexual harassment and abuse of

17 children in a reasonable manner that is customary in similar educational environments. Plaintiff is

18 informed and believes and on that basis alleges that the Perpetrator (NASSAR) and Defendants

19 USA   GYMNASTICS,   KAROLYI   DEFENDANTS,   ALL   OLYMPIA   DEFENDANTS,

20 MICHIGAN STATE UNIVERSITY and DOES 1 through 500, have engaged in unlawful, unfair

21 and deceptive business practices including concealing sexual harassment, abuse and/or

22 molestation claims by participants and members, such as Plaintiff, so as to retain other participants

23 and members within Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL

24 OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500 who

25 were not apprised of such illicit sexual misconduct by the Perpetrator (NASSAR).

26 136.   Plaintiff is informed and believes that Defendants engaged in a common scheme,

27 arrangement or plan to actively conceal allegations against sexual abusers who were employees,

28 agents, members, and/or participants at Defendants USA GYMNASTICS, KAROLYI

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-47-

1    DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and

2    DOES 1 through 500, including NASSAR, such that Defendants USA GYMNASTICS,

3    KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE

4    UNIVERSITY and DOES 1 through 500 could maintain their public image, and avoid detection

5    of such abuse and abusers. Plaintiff is informed and believes and thereon alleges that Defendants

6    actively concealed these allegations, such that Defendants would be insulated from public scrutiny,

7    governmental oversight, and/or investigation from various law enforcement agencies, all done in

8    order to maintain the false sense of safety for participants and their families and to perpetuate the

9    program financially.

10   137.   By engaging in unlawful, unfair and deceptive business practices, the Perpetrator

11   (NASSAR) and Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL

12   OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500

13   benefitted financially to the detriment of its competitors, who had to comply with the law.

14   138.   Unless restrained, Defendants USA GYMNASTICS, KAROLYI DEFENDANTS,

15   ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500

16   will continue to engage in the unfair acts and business practices described above, resulting in great

17   and irreparable harm to Plaintiff and/or other similarly situated participants and members.

18   139.   Plaintiff seeks restitution for all amounts improperly obtained by the Perpetrator

19   (NASSAR) and Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA

20   DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500 through the use

21   of the above-mentioned unlawful business practices, as well as the disgorgement of all ill-gotten

22   gains and restitution on behalf of Plaintiff and all other similarly situated participants and members

23   who were also subjected to the Perpetrator (NASSAR) and Defendants USA GYMNASTICS,

24   KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE

25   UNIVERSITY and DOES 1 through 500 illegal and unfair business practices.

26   140.   Pursuant to section 17203 of the California *Business and Professions Code* and

27   available equitable powers, Plaintiff is entitled to a preliminary and permanent injunction,

28   enjoining the Perpetrator (NASSAR) and Defendants USA GYMNASTICS, KAROLYI

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-48-

1   DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and

2   DOES 1 through 500 from continuing the unlawful and unfair business practices described above.

3   Further, Plaintiff seeks the appointment of a court monitor to enforce its orders regarding client

4   safety. In addition, Plaintiff is entitled to recover reasonable attorneys' fees pursuant to the

5   California *Business and Professions Code* and section 1021.5 of the *California Code of Civil*

6   *Procedure*.

### SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

9       141.   Plaintiff re-alleges and incorporates by reference herein each and every allegation

10  contained herein above as though fully set forth and brought in this cause of action.

11      142.   The Perpetrator (NASSAR) and Defendants USA GYMNASTICS, COLAROSSI,

12  PENNY, BELA KAROLYI, MARTA KAROLYI, KAROLYI TRAINING CAMPS, LLC,

13  KAROLYI WORLD GYMNASTICS INC., ALL OLYMPIA, GALINA MARINOVA, ARTUR

14  AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500's conduct toward

15  Plaintiff, as described herein, was outrageous and extreme.

16      143.   A reasonable person would not expect or tolerate the sexual harassment,

17  molestation and abuse of Plaintiff by the Perpetrator (NASSAR), and Defendants' knowledge and

18  callous indifference thereof. Plaintiff had great trust, faith and confidence in in Defendants, which,

19  by virtue of the Perpetrator's (NASSAR) and Defendants' wrongful conduct, turned to fear.

20      144.   A reasonable person would not expect or tolerate Defendants putting the Perpetrator

21  (NASSAR), who was known to Defendants to have physically and sexually abused other

22  participants and members, in a position of care of Plaintiff and other minor participants and

23  members, which enabled the Perpetrator (NASSAR) to have access to minor participants and

24  members so that he could commit wrongful sexual acts, including the conduct described herein,

25  with minors, including Plaintiff. Plaintiff had great trust, faith and confidence in Defendants,

26  which, by virtue of Defendants' wrongful conduct, turned to fear.

27      145.   A reasonable person would not expect or tolerate the Defendants and their agents

28  to be incapable of supervising and/or stopping participants and members of Defendants, including

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-49-

the Perpetrator (NASSAR), from committing wrongful sexual acts with minors, including Plaintiff, or to supervise the Perpetrator (NASSAR). Plaintiff had great trust, faith and confidence in Defendants, which, by virtue of Defendants' wrongful conduct, turned to fear.

146.   Defendants' conduct described herein was intentional and malicious and done for the purpose of causing or with the substantial certainty that Plaintiff would suffer humiliation, mental anguish, and emotional and physical distress.

147.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

148.   In subjecting Plaintiff to the wrongful treatment herein described, the Perpetrator (NASSAR), Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., ALL OLYMPIA, GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500 acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and/or oppression under California *Civil Code* section 3294. Plaintiff is informed, and on that basis alleges, that these willful, malicious, and/or oppressive acts, as alleged herein above, were ratified by the officers, directors, and/or managing agents of the Defendants. Plaintiff is therefore entitled to recover punitive damages, in an amount to be determined by the court, against the Perpetrator (NASSAR), Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., ALL OLYMPIA, GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500.

## SEVENTH CAUSE OF ACTION

**SECOND AMENDED COMPLAINT FOR DAMAGES**

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**CONSTRUCTIVE FRAUD**
**(Against All Defendants)**

149. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

150. By holding the Perpetrator (NASSAR) out as an agent of Defendants, and by allowing him to undertake the physical care and athletic training of minor children such as Plaintiff, Defendants entered into a confidential, fiduciary, and special relationship with Plaintiff.

151. By holding themselves out as the national program for woman's gymnastics, undertaking to select and train national gymnastics teams, and facilitating competition both nationally and internationally of Plaintiff and other minor team participants and members, Defendants entered into a confidential, fiduciary and special relationship with Plaintiff.

152. Defendants breached their confidential, fiduciary duty and special duties to Plaintiff by the wrongful and negligent conduct described above and incorporated into this cause of action, and in so doing, gained an advantage over Plaintiff in matters relating to Plaintiff's safety, security and health. In particular, in breaching such duties as alleged, Defendants were able to sustain their status as an institution of high moral repute, and preserve their reputation, all at the expense of Plaintiff's further injury and in violation of Defendants' mandatory duties.

153. By virtue of their confidential, fiduciary and special relationship with Plaintiff, Defendants owed Plaintiff a duty to:

    a.    Investigate or otherwise confirm or deny such claims of sexual abuse;

    b.    Reveal such facts to Plaintiff, Plaintiff's family and caretakers, the gymnastics community, the community at large, the US Olympic Committee, and law enforcement agencies;

    c.    Refuse to place the Perpetrator (NASSAR) and other molesters in positions of trust and authority within Defendants' institutions;

    d.    Refuse to hold out the Perpetrator (NASSAR) and other molesters to the public, the community, minors, parents and law enforcement agencies as being in good standing and, trustworthy in keeping with him and his position as a team physician and authority figure;

    e.    Refuse to assign the Perpetrator (NASSAR) and other molesters to positions of power within Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, and ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and over minors; and

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-51-

f.    Disclose to Plaintiff, her family, the public, the school community, minors, and law enforcement agencies the wrongful, tortious, and sexually exploitive acts that the Perpetrator (NASSAR) had engaged in with children.

154.    Defendants' breach of their respective duties included:

a.    Not making reasonable investigations of the Perpetrator (NASSAR);

b.    Issuing no warnings about the Perpetrator (NASSAR);

c.    Permitting the Perpetrator (NASSAR) to routinely be alone with and in control of minors, unsupervised;

d.    Not adopting a policy to prevent the Perpetrator (NASSAR) from routinely having minors and participants and members in his unsupervised control;

e.    Making no reports of any allegations of the Perpetrator's (NASSAR) abuse of participants and members, or of minors prior to or during his employment and/or agency at Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500; and

f.    Assigning and continuing to assign the Perpetrator (NASSAR) to duties which placed him in positions of authority and trust over minors, positions in which the Perpetrator (NASSAR) could easily isolate and sexually abuse minors.

155.    At the time that Defendants engaged in such suppression and concealment of acts, such acts were done for the purpose of causing Plaintiff to forbear on Plaintiff's rights.

156.    Defendants' misconduct did reasonably cause Plaintiff to forbear on Plaintiff's rights.

157.    The misrepresentations, suppressions and concealment of facts by Defendants were intended to and were likely to mislead Plaintiff and others to believe that Defendants had no knowledge of any charges against the Perpetrator (NASSAR), or that there were no other charges of unlawful or sexual misconduct against the Perpetrator (NASSAR) or others and that there was no need for them to take further action or precaution.

158.    The misrepresentations, suppressions and concealment of facts by Defendants was likely to mislead Plaintiff and others to believe that Defendants had no knowledge of the fact that the Perpetrator (NASSAR) was a molester, and was known to commit wrongful sexual acts with minors, including Plaintiff.

159.    Defendants knew or should have known at the time they suppressed and concealed the true facts regarding others' sexual molestations, that the resulting impressions were misleading.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-52-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

160.    Defendants suppressed and concealed the true facts regarding the Perpetrator (NASSAR) with the purpose of: preventing Plaintiff, Plaintiff's parents & family, and others, from learning that the Perpetrator (NASSAR) and others had been and were continuing to sexually harass, molest and abuse minors and others under the Perpetrator's (NASSAR) and Defendants' control, direction, and guidance, with complete impunity; inducing people, including Plaintiff and other benefactors and donors to participate and financially support Defendants' program and other enterprises of Defendants; preventing further reports and outside investigations into the Perpetrator's (NASSAR) and Defendants' conduct; preventing discovery of Defendants' own conduct; avoiding damage to the reputations of Defendants; protecting Defendants' power and status in the community and the gymnastics community; avoiding damage to the reputation of Defendants, or Defendants' institutions; and avoiding the civil and criminal liability of Defendants, of the Perpetrator (NASSAR), and of others.

161.    At all times mentioned herein, Defendants, and in particular the Perpetrator (NASSAR) and Defendants USA GYMNASTICS, KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500, with knowledge of the tortious nature of their own and the Perpetrator's (NASSAR) conduct, knowingly conspired and gave each other substantial assistance to perpetrate the misrepresentations, fraud and deceit alleged herein—covering up the past allegations of sexual misconduct lodged against NASSAR, and allowing NASSAR to remain in his position as a team physician so they could maintain their reputations and continue with their positions within the organization.

162.    Plaintiff and others were misled by Defendants' suppressions and concealment of facts, and in reliance thereon, were induced to act or induced not to act, exactly as intended by Defendants. Specifically, Plaintiff and Plaintiff's family were induced to believe that there were no allegations of criminal or sexual abuse against the Perpetrator (NASSAR) and that he was safe to be around children. Had Plaintiff and her family, and others, known the true facts about the Perpetrator (NASSAR), they would have not participated further in activities of the Perpetrator (NASSAR), or continued to financially support Defendants' activities. They would have reported the matters to the proper authorities, to other minor participants and members and their parents so

-53-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1  as to prevent future recurrences; they would not have allowed children, including Plaintiff, to be

2  alone with, or have any relationship with the Perpetrator (NASSAR); they would not have allowed

3  children, including Plaintiff, to attend or be under the control of Defendants; they would have

4  undertaken their own investigations which would have led to discovery of the true facts; and they

5  would have sought psychological counseling for Plaintiff, and for other children molested and

6  abused by the Perpetrator (NASSAR).

7      163.   By giving the Perpetrator (NASSAR) the position of team physician, Defendants

8  impliedly represented that the Perpetrator (NASSAR) was safe and morally fit to give children

9  care and provide osteopathic adjustments.

10     164.   When Defendants made these affirmative or implied representations and non-

11  disclosures of material facts, Defendants knew or should have known that the facts were otherwise.

12  Defendants knowingly and intentionally suppressed the material facts that the Perpetrator

13  (NASSAR) had on numerous, prior occasions sexually, physically, and mentally abused minors

14  and participants and members of Defendants, including Plaintiff, and knew of or learned of

15  conduct, or should have known of conduct by the Perpetrator (NASSAR) which placed Defendants

16  on notice that the Perpetrator (NASSAR) had previously been suspected of felonies, including

17  unlawful sexual conduct with minors, and was likely abusing children.

18     165.   Because of Plaintiff's young age, and because of the status of the Perpetrator

19  (NASSAR) as a trusted, authority figure to Plaintiff, Plaintiff was vulnerable to the Perpetrator

20  (NASSAR). The Perpetrator (NASSAR) sought Plaintiff out, and was empowered by and accepted

21  Plaintiff's vulnerability. Plaintiff's vulnerability also prevented Plaintiff from effectively protecting

22  herself from the sexual advances of the Perpetrator (NASSAR).

23     166.   Defendants had the duty to obtain and disclose information relating to sexual

24  misconduct of the Perpetrator (NASSAR).

25     167.   Defendants misrepresented, concealed or failed to disclose information relating to

26  sexual misconduct of the Perpetrator (NASSAR).

27     168.   Defendants knew that they had misrepresented, concealed or failed to disclose

28  information related to sexual misconduct of the Perpetrator (NASSAR).

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-54-

169.    Plaintiff justifiably relied upon Defendants for information relating to sexual misconduct of the Perpetrator NASSAR.

170.    The Perpetrator (NASSAR) and Defendants USA GYMNASTICS, COLAROSSI, PENNY, KAROLYI DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500, in concert with each other and with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would misrepresent, conceal or fail to disclose information relating to the sexual misconduct of the Perpetrator (NASSAR), the inability of Defendants to supervise or stop the Perpetrator (NASSAR) from sexually harassing, molesting and abusing Plaintiff, and/or their own failure to properly investigate, supervise and monitor his conduct with minor participants and members.

171.    By so concealing, Defendants committed at least one act in furtherance of the conspiracy.

172.    As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

173.    In addition, when Plaintiff finally discovered the fraud of Defendants, and continuing thereafter, Plaintiff experienced recurrences of the above-described injuries. Plaintiff experienced extreme and severe mental anguish and emotional distress that Plaintiff had been the victim of Defendants' fraud; that Plaintiff had not been able to help other minors being molested because of the fraud, and that Plaintiff had not been able because of the fraud to receive timely medical treatment needed to deal with the problems Plaintiff had suffered and continues to suffer as a result of the sexual harassment, molestation and abuse.

174.    In subjecting Plaintiff to the wrongful treatment herein described, Defendants the Perpetrator (NASSAR), USA GYMNASTICS, COLAROSSI, PENNY, KAROLYI

-55-

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1    DEFENDANTS, ALL OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and

2    DOES 1 through 500 acted willfully and maliciously with the intent to harm Plaintiff, and in

3    conscious disregard of Plaintiff's rights, so as to constitute malice and/or oppression under

4    California *Civil Code* section 3294. Plaintiff is informed, and on that basis alleges, that these

5    willful, malicious, and/or oppressive acts, as alleged herein above, were ratified by the officers,

6    directors, and/or managing agents of the Defendants. Plaintiff is therefore entitled to recover

7    punitive damages, in an amount to be determined by the court, against Defendants the Perpetrator

8    (NASSAR), USA GYMNASTICS, COLAROSSI, PENNY, KAROLYI DEFENDANTS, ALL

9    OLYMPIA DEFENDANTS, MICHIGAN STATE UNIVERSITY and DOES 1 through 500.

### EIGHTH CAUSE OF ACTION
### NEGLIGENCE
**(Against Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., ALL OLYMPIA, GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500)**

13        175.    Plaintiff re-alleges and incorporates by reference herein each and every allegation

14   contained herein above as though fully set forth and brought in this cause of action.

15        176.    Prior to and after the first incident of the Perpetrator's (NASSAR) sexual

16   harassment, molestation and abuse of Plaintiff, through the present, Defendants, knew and/or

17   should have known that the Perpetrator (NASSAR) had and was capable of sexually, physically,

18   and mentally abusing and harassing Plaintiff or other victims.

19        177.    Defendants and each of them had special duties to protect the minor Plaintiff and

20   the other participants and members, when such minors were entrusted to Defendants' care by their

21   parents. Plaintiff's care, welfare and physical custody was entrusted to Defendants. Defendants

22   voluntarily accepted the entrusted care of Plaintiff. As such, Defendants owed Plaintiff, a minor

23   child, a special duty of care that adults dealing with children owe to protect them from harm. The

24   duty to protect and warn arose from the special, trusting, confidential, and fiduciary relationship

25   between Defendants and Plaintiff.

26        178.    Defendants breached their duties of care to the minor Plaintiff by allowing the

27   Perpetrator (NASSAR) to come into contact with the minor Plaintiff and other participants and

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

members, without supervision; by failing to adequately hire, supervise and retain the Perpetrator (NASSAR) whom they permitted and enabled to have access to Plaintiff; by concealing from Plaintiff, her family, and law enforcement that the Perpetrator (NASSAR) was sexually harassing, molesting and abusing minors; and by holding the Perpetrator (NASSAR) out to Plaintiff and her family as being of high moral and ethical repute, in good standing and trustworthy.

179.    Defendants breached their duties to Plaintiff by failing to investigate or otherwise confirm or deny such facts of sexual abuse by the Perpetrator (NASSAR), failing to reveal such facts to Plaintiff, her parents, the community and law enforcement agencies, and by placing the Perpetrator (NASSAR) into a position of trust and authority, holding him out to Plaintiff, her parents, and the public as being in good standing and trustworthy.

180.    Defendants breached their duty to Plaintiff by failing to adequately monitor and supervise the Perpetrator (NASSAR) and failing to prevent the Perpetrator (NASSAR) from committing wrongful sexual acts with minors including Plaintiff. Defendants' voluminous past records of sexual misconduct by the Perpetrator (NASSAR) caused Defendants to know, or gave them information where they should have known, of the Perpetrator's (NASSAR) incapacity to serve as a team physician, providing for the physical care of minor females.

181.    As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### NINTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION
**(Against Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., ALL OLYMPIA, GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500)**

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

182.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

183.    By virtue of Plaintiff's special relationship with Defendants, and Defendants' relation to the Perpetrator (NASSAR), Defendants owed Plaintiff a duty to provide reasonable supervision of the Perpetrator (NASSAR), to use reasonable care in investigating the Perpetrator's (NASSAR) background, and to provide adequate warning to Plaintiff, Plaintiff's family, and minor participants and members of the Perpetrator's (NASSAR) dangerous propensities and unfitness. As organizations and individuals responsible for, and entrusted with, the welfare of minor children, Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., ALL OLYMPIA, GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500 had a duty to protect, supervise, and monitor both the Plaintiff from being preyed upon by sexual predators, and to supervise and monitor the Perpetrator (NASSAR) such that he would not be placed in seclusion with minor children, including the Plaintiff.

184.    As representatives of Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., ALL OLYMPIA, GALINA MARINOVA, ARTUR AKOPYAN, MICHIGAN STATE UNIVERSITY and DOES 1 through 500, where many of the participants and members thereof are vulnerable minors entrusted to these Defendants, these Defendants' agents expressly and implicitly represented that team physicians and staff, including the Perpetrator (NASSAR), were not a sexual threat to children and others who would fall under the Perpetrator's (NASSAR) influence, control, direction, and care.

185.    Defendants, by and through their respective agents, servants and employees, knew or should have known of the Perpetrator's (NASSAR) dangerous and exploitive propensities and that the Perpetrator (NASSAR) was an unfit agent. Despite such knowledge, Defendants negligently failed to supervise the Perpetrator (NASSAR) in his position of trust and authority as a team physician and authority figure over children, where he was able to commit wrongful acts

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1   of sexual misconduct against Plaintiff. Defendants failed to provide reasonable supervision of the

2   Perpetrator (NASSAR), failed to use reasonable care in investigating the Perpetrator (NASSAR),

3   and failed to provide adequate warning to Plaintiff and Plaintiff's family of the Perpetrator's

4   (NASSAR) dangerous propensities and unfitness. Defendants further failed to take reasonable

5   steps to ensure the safety of minors, including Plaintiff, from sexual harassment, molestation, and

6   abuse.

7        186.   At no time during the periods of time alleged did Defendants have in place a

8   reasonable system or procedure to investigate, supervise and monitor the team physician or staff,

9   including the Perpetrator (NASSAR), to prevent pre-sexual grooming and sexual harassment,

10   molestation and abuse of children, nor did they implement a system or procedure to oversee or

11   monitor conduct toward minors and others in Defendants' care.

12        187.   Defendants were aware or should have been aware of how vulnerable children were

13   to sexual harassment, molestation and abuse by teachers and other persons of authority within

14   Defendants' entities.

15        188.   Defendants were put on notice, knew and/or should have known that the Perpetrator

16   (NASSAR) had previously engaged and was continuing to engage in unlawful sexual conduct with

17   minors, and had committed other felonies, for his own personal sexual gratification, and that it was

18   foreseeable that he was engaging, or would engage in illicit sexual activities with Plaintiff, and

19   others, under the cloak of the authority, confidence, and trust, bestowed upon him through

20   Defendants.

21        189.   Defendants were placed on actual or constructive notice that the Perpetrator

22   (NASSAR) had molested other minors and participants and members during his employment with

23   Defendants. Defendants were informed of molestations of minors committed by the Perpetrator

24   (NASSAR) prior to Plaintiff's sexual abuse, and of conduct by the Perpetrator (NASSAR) that

25   would put a reasonable person on notice of such propensity to molest and abuse children.

26        190.   Even though Defendants knew or should have known of these illicit sexual

27   activities by the Perpetrator (NASSAR), Defendants did not reasonably investigate, supervise or

28   monitor the Perpetrator (NASSAR) to ensure the safety of the minor participants and members.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

**SECOND AMENDED COMPLAINT FOR DAMAGES**

191.    Defendants' conduct was a breach of their duties to Plaintiff.

192.    Defendants, and each of them, breached their duty to Plaintiff by, *inter alia*, by failing to adequately monitor and supervise the Perpetrator (NASSAR) and stop the Perpetrator (NASSAR) from committing wrongful sexual acts with minors including Plaintiff.

193.    As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## NEGLIGENCE *PER SE*-CONDUCT IN VIOLATION OF MANDATED REPORTING LAWS

194.    Under applicable law, Defendants, by and through their employees and agents, were child care custodians and were under a duty to report known or suspected incidents of sexual molestation or abuse of minors to a child protective agency, and not to impede the filing of any such report.

195.    Defendants knew or should have known that their team physician, the Perpetrator (NASSAR), and other staff of Defendants, had sexually molested, abused or caused touching, battery, harm, and/or other injuries to minors, including Plaintiff, giving rise to a duty to report such conduct.

196.    Defendants knew, or should have known, in the exercise of reasonable diligence, that an undue risk to minors, including Plaintiff, existed because Defendants did not comply with California's mandatory reporting requirements.

197.    By failing to report the continuing molestations and abuse by the Perpetrator (NASSAR), which Defendants knew or should have known about, and by ignoring the fulfillment of the mandated compliance with the reporting requirements, Defendants created the risk and

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9900

-60-

1   danger contemplated by the applicable mandated reporting laws, and as a result, unreasonably and

2   wrongfully exposed Plaintiff and other minors to sexual molestation and abuse.

3       198.   Plaintiff was a member of the class of persons for whose protection applicable

4   mandated reporting laws were specifically adopted to protect.

5       199.   Had Defendants adequately reported the molestation of Plaintiff and other minors

6   as required by applicable mandated reporting laws, further harm to Plaintiff and other minors

7   would have been avoided.

8       200.   As a proximate result of Defendants' failure to follow the mandatory reporting

9   requirements, Defendants wrongfully denied Plaintiff and other minors the intervention of child

10  protection services. Such public agencies would have changed the then-existing arrangements and

11  conditions that provided the access and opportunities for the molestation of Plaintiff by the

12  Perpetrator (NASSAR).

13      201.   The physical, mental, and emotional damages and injuries resulting from the sexual

14  molestation of Plaintiff by the Perpetrator (NASSAR), were the type of occurrence and injuries

15  that the applicable mandated reporting laws were designed to prevent.

16      202.   As a result, Defendants' failure to comply with the mandatory reporting

17  requirements constituted a per se breach of Defendants' duties to Plaintiff.

18      203.   Defendants, and each of them, breached their duty to Plaintiff by, inter alia, by

19  failing to adequately monitor and supervise the Perpetrator (NASSAR) and stop the Perpetrator

20  (NASSAR) from committing wrongful sexual acts with minors including Plaintiff.

21      204.   As a result of the above-described conduct, Plaintiff has suffered and continues to

22  suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional

23  distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of

24  enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be

25  prevented from performing daily activities and obtaining the full enjoyment of life; will sustain

26  loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for

27  medical and psychological treatment, therapy, and counseling.

28                              **TENTH CAUSE OF ACTION**

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-61-

## NEGLIGENT HIRING/RETENTION
**(Against Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., and DOES 1 through 500)**

205.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

206.    By virtue of Plaintiff's special relationship with Defendants, and Defendants' relation to the Perpetrator (NASSAR), Defendants owed Plaintiff a duty to not hire or retain the Perpetrator (NASSAR), given his dangerous and exploitive propensities, which Defendants knew or should have known about had they engaged in a reasonable, meaningful and adequate investigation of her background prior to her hiring or retaining her in subsequent positions of employment.

207.    Defendants expressly and implicitly represented that the team staff, trainers, and team physicians, including the Perpetrator (NASSAR), were not a sexual threat to children and others who would fall under the Perpetrator's (NASSAR) influence, control, direction, and guidance.

208.    At no time during the periods of time alleged did Defendants have in place a reasonable system or procedure to investigate, supervise and monitor team staff, trainers, and team physicians, including the Perpetrator (NASSAR), to prevent pre-sexual grooming or sexual harassment, molestation and abuse of children, nor did they implement a system or procedure to oversee or monitor conduct toward minors, participants and members and others in Defendants' care.

209.    Defendants were aware or should have been aware and understand how vulnerable children were to sexual harassment, molestation and abuse by teachers and other persons of authority within the control of Defendants prior to Plaintiff's sexual abuse by the Perpetrator (NASSAR).

210.    Defendants were put on notice, and should have known that the Perpetrator (NASSAR) had previously engaged and continued to engage in unlawful sexual conduct with minors and was committing other felonies, for his own personal gratification, and that it was, or should have known it would have been foreseeable that he was engaging, or would engage in illicit

-62-

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

sexual activities with Plaintiff, and others, under the cloak of his authority, confidence, and trust, bestowed upon her through Defendants.

211.   Defendants were placed on actual or constructive notice that the Perpetrator (NASSAR) had molested or was molesting minors and participants and members, both before his employment within Defendants, and during that employment. Defendants had knowledge of inappropriate conduct and molestations committed by the Perpetrator (NASSAR) before and during his employment, yet chose to allow him to remain unsupervised where she sexually abused Plaintiff.

212.   Even though Defendants knew or should have known of these sexually illicit activities by the Perpetrator (NASSAR), Defendants failed to use reasonable care in investigating the Perpetrator (NASSAR) and did nothing to reasonably investigate, supervise or monitor the Perpetrator (NASSAR) to ensure the safety of the minor participants and members.

213.   Defendants' conduct was a breach of their duties to Plaintiff.

214.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**ELEVENTH CAUSE OF ACTION**
**NEGLIGENT FAILURE TO WARN, TRAIN, or EDUCATE**
**(Against Defendants USA GYMNASTICS, COLAROSSI, PENNY, BELA KAROLYI, MARTA KAROLYI, KAROLYI TRAINING CAMPS, LLC, KAROLYI WORLD GYMNASTICS INC., ALL OLYMPIA, GALINA MARINOVA, ARTUR AKOPYAN and DOES 1 through 500)**

215.   Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

216.   Defendants owed Plaintiff a duty to take reasonable protective measures to protect Plaintiff and other minor participants and members from the risk of childhood sexual harassment,

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-63-

1    molestation and abuse by the Perpetrator (NASSAR) by properly warning, training or educating

2    Plaintiff and other about how to avoid such a risk.

3        217.    Defendants breached their duty to take reasonable protective measures to protect

4    Plaintiff and other minor participants and members from the risk of childhood sexual harassment,

5    molestation and abuse by the Perpetrator (NASSAR), such as the failure to properly warn, train or

6    educate Plaintiff and other minor participants and members about how to avoid such a particular

7    risk that the Perpetrator (NASSAR) posed—of sexual misconduct.

8        218.    Defendants breached their duty to take reasonable protective measures to protect

9    Plaintiff and other minor participants and members from the risk of childhood sexual harassment,

10   molestation and abuse by the Perpetrator (NASSAR), by failing to supervise and stop employees

11   of Defendants, including the Perpetrator (NASSAR), from committing wrongful sexual acts with

12   minors, including Plaintiff.

13       219.    As a result of the above-described conduct, Plaintiff has suffered and continues to

14   suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional

15   distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of

16   enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be

17   prevented from performing daily activities and obtaining the full enjoyment of life; will sustain

18   loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for

19   medical and psychological treatment, therapy, and counseling.

20       **WHEREFORE**, Plaintiff prays for a jury trial and for judgment against Defendants as

21   follows:

22                    **FOR ALL CAUSES OF ACTION**

23       1.    For past, present and future non-economic damages in an amount to be

24   determined at trial;

25       2.    For past, present and future special damages, including but not limited to past,

26   present and future lost earnings, economic damages and others, in an amount to be determined at

27   trial;

28       3.    Any appropriate statutory damages;

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1       4.     For costs of suit;

2       6.     Punitive damages, according to proof, though not as to the Negligence Causes of

3  Action (Causes of Action 8 through 11);

4       7.     For interest based on damages, as well as pre-judgment and post-judgment

5  interest as allowed by law;

6       8.     For attorney's fees pursuant to California *Code of Civil Procedure* sections

7  1021.5, *et seq.*, 52, *et seq.*, 51, *et seq.*, or as otherwise allowable by law;

8       9.     For declaratory and injunctive relief, including but not limited to court

9  supervision of USA GYMNASTICS; and

10      10.    For such other and further relief as the Court may deem proper.

Dated: July 28, 2017

**MANLY, STEWART & FINALDI**

By: _____
JANE E. REILLEY, Esq.
Attorneys for Plaintiff, JANE LM DOE

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-65-

1

## DEMAND FOR JURY TRIAL

2    Plaintiff JANE LM DOE hereby demands a trial by jury.

3    Dated: July 28, 2017                    **MANLY, STEWART & FINALDI**

4

5

6    By: _____

7    JANE E. REILLEY, Esq.
     Attorneys for Plaintiff, JANE LM DOE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 19100 Von Karman Ave., Suite 800, Irvine, CA 92612.

On July 28, 2017, I served the foregoing document described as **SECOND AMENDED COMPLAINT FOR DAMAGES** on the interested parties in this action.
[X]     by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED MAILING LIST

[X]     BY U.S.  MAIL
[ ]     I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
[X]     I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ]     **BY FEDERAL EXPRESS DELIVERY -**  I caused such envelopes to be delivered via Federal Express service with instructions to personally deliver same to offices of the addressee on the next business date.

[ ]     **BY MESSENGER SERVICE**
[ ]     I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

[ ]     **BY E-MAIL OR ELECTRONIC TRANSMISSION** I caused the documents to be sent to the persons on the e-mail addresses as listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]     **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ ]     **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 28, 2017, Irvine, California.

Rachyl Boer

**MAILING LIST**

1

2   Bartholomew J. Dalton, Esq.
    Dalton & Associates, P.A.
3   Cool Spring Meeting House
    1106 West 10th Street
4   Wilmington, DE 19806
    302-652-2050
5   302-652-0687 (fax)
    bdalton@bdaltonlaw.com
6   www.bartdaltonlaw.com
7   Attorneys for Plaintiff JANE LM DOE

8   Margaret M. Holm, Esq.
    SEDGWICK, LLP.
9   2020 Main Street, Suite 1100
    Irvine, CA 92614
10  Direct: 949.567.7838
    Phone: 949.852.8200
11  Facsimile: 877.546.3920
12  margaret.holm@sedgwicklaw.com
    Attorneys for Defendants USA GYMNASTICS, an Indiana business entity of form unknown;
13  ROBERT COLAROSSI

14
    Daniel M. White, Esq.
15  WHITE & AMUNDSON
    402 W. Broadway, Suite 1140
16  San Diego, California 92101
    Tel 6192390300 Fax 6192390344
17  dwhite@whiteamundson.com
18  Attorneys for Defendants USA GYMNASTICS, an Indiana business entity of form unknown;
    ROBERT COLAROSSI, an individual; STEPHEN "STEVE" PENNY, an individual
19
    Gary M. Jewell, Esq.
20  CHRISTIAN, SMITH & JEWELL, LLP
    2302 Fannin, Suite 500
21  Houston, Texas  77002
22  P. 713-659-7617
    F. 713-659-7641
23  gjewell@csj-law.com
    Attorneys for Defendants
24  Defendants Bela Karolyi; Martha Karolyi; and Karolyi Training Camps, LLC, a Texas business
25  entity of form unknown

26

27

28

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1  Perrie M. Weiner, Esq.
   Eric S. Beane, Esq.
2  DLA Piper LLP (US)
   2000 Avenue of the Stars
3  Suite 400 North Tower
   Los Angeles, California 90067-4704
4  Perrie.weiner@dlapiper.com
   Eric.beane@dlapiper.com
5  T: +1 310 595 3000
6  F: +1 310 595 3300
   Attorneys for Defendants,
7  Defendants Bela Karolyi; Martha Karolyi; and Karolyi Training Camps, LLC, a Texas business
   entity of form unknown
8
9  Marc Jacobs, Esq.
   Steven Camhi, Esq.
10 Alicia O'Brien, Esq.
   Crystal Fryman, Esq.
11 MICHELMAN & ROBINSON, LLP
   10880 Wilshire Blvd., 19th Floor
12 Los Angeles, CA  90024
   Phone:  (310) 564-2670
13 Facsimile:  (310) 564-2671
   MJacobs@mrllp.com
14 Scamhi@mrllp.com
   AObrien@mrllp.com
15 Cfryman@mrllp.com
16 Attorneys for Defendants AOGC ALL OLYMPIA GYMNASTIC CENTER INC.; GALINA
   MARINOVA; and ARTUR AKOPYAN
17
18 Edith R. Matthai, Esq.
   ROBIE & MATTHAI
19 500 South Grand Avenue, 15th Floor
   Los Angeles, CA  90071-3062
20 Telephone: (213) 706-8000
   Facsimile: (213) 706-9913
21  ematthai@romalaw.com
   Associated Counsel for Specially Appearing Defendant, STEVE PENNY
22
23
24
25
26
27
28

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 752-9900



UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 003.29°
0001860595   JUL 28 2017
MAILED FROM ZIP CODE 92612

JUL 31 2017

Margaret M. Holm, Esq.
SEDGWICK, LLP.
2020 Main Street, Suite 1100
Irvine, CA 92614



MANLY
STEWART
FINALDI
L A W Y E R S

19100 Von Karman Avenue
Suite 800
Irvine, CA 92612