1 ALLEN L. LANSTRA (SBN 251510)
Allen.Lanstra@skadden.com
2 KEVIN J. MINNICK (SBN 269620)
Kevin.Minnick@skadden.com
3 KASONNI M. SCALES (SBN 301871)
Kasonni.Scales@skadden.com
4 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
5 Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
6 Facsimile:   (213) 687-5600

7 Attorneys for Defendant
MICHIGAN STATE UNIVERSITY
8

9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12

| | |
|---|---|
| 13 JANE LM DOE, an individual, | CASE NO.: 8:18-cv-1117-JLS (KESx) |
| Plaintiff, | DEFENDANT MICHIGAN STATE UNIVERSITY'S APPLICATION TO FILE SETTLEMENT AGREEMENT UNDER SEAL |
| 14 v. | |
| 15 DR. LARRY NASSAR, an individual; USA GYMNASTICS, an Indiana business entity of form unknown; ROBERT COLAROSSI, an individual; STEPHEN "STEVE" PENNY, an individual; BELA KAROLYI, an individual; MARTHA KAROLYI, an individual; KAROLYI TRAINING CAMPS, LLC, a Texas business entity of form unknown; KAROLYI'S ELITE, a Texas business entity of form unknown; AOGC ALL OLYMPIA GYMNASTIC CENTER INC., a California business entity of form unknown; GALINA MARINOVA, an individual; ARTUR AKOPYAN, an individual and DOES 1 through 500. | The Honorable Josephine L. Staton |
| Defendants. | |

Pursuant to Local Rule 79-5, Defendant Michigan State University ("MSU") hereby requests that the Court order the following document filed under seal:

1. Exhibit A to the Declaration of Amy Van Gelder in Support of MSU's Motion for Good Faith Settlement Determination—Exhibit A is a true and correct copy of the Settlement Agreement and Mutual Release dated August 28, 2018 ("Settlement Agreement"), signed on the one hand by MSU and on the other hand by Plaintiff Jane LM Doe ("Plaintiff Doe") under her true name.

Good cause exists for filing the signed Settlement Agreement under seal. *See generally Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 2936432, at *1 (N.D. Cal July 18, 2012) ("Where a party seeks to file under seal documents attached only to a non-dispositive motion, [] a showing of 'good cause' often outweighs the public's interest in access, because 'the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.'" (citation omitted)).[1]

Plaintiff Doe has chosen to proceed in this litigation under a pseudonym. Courts regularly allow plaintiffs to do so in cases involving allegations of a sensitive nature. *See Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015) ("The Ninth Circuit has recognized that courts grant anonymity where it is needed to 'preserve privacy in a matter of sensitive and highly personal nature.'") (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)); *see also J.I. v. United States*, No. 118CV00363LJOSAB, 2018 WL 1474355, at *2 (E.D. Cal. Mar. 26, 2018) ("Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault . . . ."

---

[1] A motion for good faith settlement determination has been determined to be a non-dispositive motion. *See Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, No. 10-CV-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) ("Because a motion to determine good faith settlement is only tangentially related to the merits of the underlying cause of action, it constitutes a non-dispositive motion. Thus, the parties need only show good cause to justify sealing the documents listed above." (citation omitted)).

1
DEFENDANT MICHIGAN STATE UNIVERSITY'S APPLICATION TO FILE
SETTLEMENT AGREEMENT UNDER SEAL

(citation omitted)).  Good cause exists, therefore, to seal the signed Settlement Agreement because the signature page reveals Plaintiff Doe's true name.  The request to seal the Settlement Agreement is narrowly tailored, as the publicly-filed redacted version of the Settlement Agreement includes all of the terms and conditions of the Settlement Agreement and only redacts the signature page so that Plaintiff Doe's true name is not revealed.

Accordingly, MSU respectfully requests that the Court order the Settlement Agreement to be filed under seal.

DATED: August 31, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Kevin J. Minnick*
Kevin J. Minnick

Attorneys for Defendant
MICHIGAN STATE UNIVERSITY

2
DEFENDANT MICHIGAN STATE UNIVERSITY'S APPLICATION TO FILE SETTLEMENT AGREEMENT UNDER SEAL